## Metropolitan Life Insurance Company v. Kate Sullivan.

1. WAIVER—*when there is a, of a clause providing for a right of forfeiture if the insured engages in the liquor business.* The acceptance by an insurance company through its agent of premiums on account of a policy containing such a provision, operates as such a waiver where such acceptance is with knowledge of the facts authorizing a forfeiture.

2. WAIVER—*effect of provision in policy as to how, may be made by the company.* A provision in an insurance policy to the effect that a forfeiture cannot be waived except by agreement signed by certain officials of the company is for the benefit of such company, has reference only to express agreements to waive forfeitures, and does not preclude a waiver by conduct upon the part of the agents of the company.

3. NOTICE—*when insurance company held to have received.* Agents of an insurance company who are authorized to solicit and sell insurance, deliver policies, and collect premiums, are general agents of the company and, as such, have power to waive conditions in an insurance policy, and notice to them is notice to the company.

Action of assumpsit upon insurance policy. Appeal from the City Court of East St. Louis; the Hon. PAUL MCWILLIAMS, Judge, presiding. Heard in this court at the August term, 1903. Affirmed. Opinion filed March 10, 1904.

WILLIAM P. LAUNTZ, for appellant.

WEBB & WEBB, for appellee; J. L. RAFTER, of counsel.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This suit was brought by appellee upon a life insurance policy for $1,000, issued by appellant October 27, 1899, to her husband, Denis Sullivan. Among the conditions made a part of the policy, were the following :

" Second.   The company shall be released from all liability under this policy, if the insured shall, within two years from the issue hereof, become engaged in or connected in any manner with the manufacture or sale of ale, wine, beer or liquor, unless written permission from the secretary of the company be first obtained.

Ninth.   The contract between the parties hereto is completely set forth in this policy and the application therefor taken together, and none of its terms can be varied or modified, nor any forfeiture waived or premiums in arrears received, except by agreement in writing, signed by either the president, vice-president, secretary or actuary, whose authority for this purpose will not be delegated; no other person has or will be given authority."

April 2, 1900, Sullivan entered into the saloon business in East St. Louis.   Afterwards, on July 5, 1901, being in failing health, he went to the State of Colorado, seeking improvement, and remained there until his death, which took place June 1, 1902.   While Sullivan was in Colorado, appellee ran the saloon in his name.   Sullivan's application for insurance was taken and written out by Michael Hanifan, an agent of appellant, authorized to solicit and sell insurance, write policies and collect premiums.   The premiums were payable semi-annually and Hanifan collected three of them from Sullivan before the latter went to Colorado, the last payment being made after the insured had entered into the saloon business.   After Sullivan went west the premiums were collected from Mrs. Sullivan by another agent of appellant named McCarthy, whose duties were the same as Hanifan's.   The agents at the time they collected the several premiums delivered receipts therefor, signed by J. S. Roberts, secretary of the company, and countersigned by P. B. Cusack, superintendent of the East

St. Louis office of appellant. On one occasion Mrs. Sullivan told McCarthy that she could not afford to pay the premium because her husband was in Colorado sick and needed the money, and he said, " Well, you will be sorry some day." She afterwards decided to keep up the insurance, and meeting McCarthy, who again asked her to pay the premium, she paid him and he gave her a receipt therefor. There was no controversy as to the facts in the case, appellant having introduced no evidence in the court below. The issues were tried by a jury which returned a verdict in favor of appellee for $1,000, and judgment was entered for that amount.

The question is presented by this record, whether the breach of the condition of the policy above referred to, in reference to the sale of liquor by the insured was or was not waived by appellant, by reason of the latter's receipt of premiums through its agents, Hanifan and McCarthy, after the breach occurred. It must be taken as true that the two agents who received the premiums, knew that Sullivan was engaged in the saloon business, as Hanifan testified that he knew it when he collected the third premium, which was the last one paid by Sullivan in person, and one payment, if not more, was made by Mrs. Sullivan to McCarthy in the saloon, as shown by the testimony of the bartender, Hugh Maloney. Appellant claims that the policy was forfeited when Sullivan engaged in the sale of liquor and that such forfeiture could not be waived, except by agreement signed by either the president, vice-president, secretary or actuary, as provided for in the ninth clause of the conditions, made a part of the policy. It does not follow, however, because the condition named contained such a requirement, that appellant could recognize the policy as being in force, and receive payment of the premiums thereon, for over two years, after the right to a forfeiture had occurred and up to the date of the death of the insured, and afterwards declare the policy forfeited. The said condition was inserted for the benefit of the insurer, and like any other clause or condition of the policy, could be waived by the company. The provisions of the condition had ref-

erence only to express agreements to waive a forfeiture, and not to a waiver claimed to exist by reason of acts of appellant inconsistent with an intention on its part to enforce the condition. Bennett v. Union Central Life Ins. Co., 203 Ill. 439.

Appellant further insists, that notice to its agents, Hanifan and McCarthy, was not notice to it, and that it is therefore not bound by their acts. The proofs in the case showed that they were clothed by appellant with power to solicit and sell insurance, deliver policies and collect premiums. They were, therefore, general agents, and as such had power to waive conditions of the policy (John Hancock Mut. Life Ins. Co. v. Schlink, 175 Ill. 284); and notice to them was notice to the company. In Phœnix Ins. Co. v. Stocks, 149 Ill. 319, it was said: "It has been repeatedly held by this court, that an agent, although local in respect to the territory in which he operates, who is clothed with general power to solicit and make contracts of insurance for the company, is so far a general agent that notice to him of facts affecting the contract is notice to the company." From such a course of conduct on the part of appellant, as is shown by the record, a waiver of the conditions of the policy above set forth is implied, and appellant is therefore estopped from insisting upon a forfeiture.

The instructions offered by appellant were properly refused, because they were all based upon the theory that the conditions of the policy could not be waived by the company in any other manner than that named in the policy.

The judgment of the court below is affirmed.

*Affirmed.*