JOHN LILOIS, Appellee, *vs.* JACOB GLOS, Appellant.

*Opinion filed December 17, 1912.*

1. CLOUD ON TITLE—*complainant need not look beyond record to ascertain holder of tax deed.* A complainant who seeks to set aside a tax deed as a cloud need not look beyond the record to ascertain who is the holder of such tax deed, and if the person who appears of record to be such holder is made a defendant, he should, if he has conveyed such title, set up that fact in his answer.

2. SAME—*what does not show that court was without jurisdiction.* If the holder, of record, of a tax deed is made sole defendant to a bill to set aside such deed as a cloud, and he appears and files an answer denying the invalidity of the tax deed and claiming to be the owner of the premises, the admission, over objection, of his verbal testimony that he had conveyed the tax title to some one he did not remember, although he still claimed to own the premises, does not show that the court was without jurisdiction of necessary parties.

3. SAME—*incompetent testimony in chancery case is presumed to have been disregarded.* Verbal testimony by a defendant to a bill to remove a tax deed as a cloud, that he had conveyed the tax title to some one whom he could not remember but thought his wife was one of the parties, is incompetent, and will be presumed, on appeal, not to have been considered by the master or chancellor.

4. SAME—*when party cannot complain that other persons were not made parties.* A defendant to a bill to remove a tax deed as a cloud cannot complain that other persons were not made parties, even though it appears that they have such an interest that they would be proper parties, where his interest is in no way prejudiced by the failure to bring them into court.

APPEAL from the Circuit Court of Cook county; the Hon. ADELOR J. PETIT, Judge, presiding.

ALBEN F. BATES, for appellant.

ENOCH J. PRICE, for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

John Lilois filed a bill in the circuit court of Cook county
to remove a void tax deed as a cloud on the title to lot 64,
block 5, in W. H. Field's addition, in section 21, township
37, north, range 14, east of the third principal meridian, in
the city of Chicago, Cook county, Illinois, alleging that he
was the owner in fee of said lot and in the actual possession
thereof. Jacob Glos, who was the holder of record of the
tax deed, was made sole defendant. The complainant ten-
dered Jacob Glos $10 to reimburse him for the amount ex-
pended for the tax title, which covered all interest and costs,
which was refused, and said sum was by order of court
paid to the clerk for the use of Glos. Glos filed an answer
denying the material allegations of the bill and alleged that
he was the owner of the premises described in the bill. The
cause was referred to master in chancery Ellis to take the
proofs and report the same to the court, together with his
opinion upon the law and the evidence. The master took
the testimony and reported the same to the court, together
with the findings that the tax deed was void; that complain-
ant was the owner and in possession of the premises and that
the amount tendered was sufficient to reimburse Glos for
the expenses of his tax deed, and recommended a decree
according to the prayer of the bill and that the costs incurred
upon the reference be taxed against Glos. Objections were
filed and were overruled by the master. These objections
were renewed as exceptions before the court and were again
overruled, and a decree was entered in accordance with the
prayer of the bill. The costs accruing subsequent to the
tender were taxed at $52, and Glos was ordered to re-pay
the same to the complainant, and execution was awarded

for the collection thereof. To reverse this decree Jacob Glos has prosecuted an appeal to this court.

The errors assigned are, that the court did not have jurisdiction of the parties or the subject matter, that the evidence does not support the decree, and that it was error to tax costs against appellant.

Appellant testified in his own behalf that he had conveyed the tax title some time in March, 1911, before the bill was filed, and that he was not the holder of said tax title when the suit was commenced. On cross-examination he was asked to whom he conveyed it, and he said he did not remember the name but thought Mrs. Glos was one of the parties; that the consideration was one dollar, but no money was paid at the time of the conveyance. He said that he owed her some money and conveyed it to her on account of the money that he was owing her. A motion to strike this evidence out because it related to a conveyance of real property which was in writing, and because it was incompetent, irrelevant and immaterial and an improper method of proving the conveyance, was overruled by the master. Appellant's contention that the court did not have jurisdiction of the parties is based entirely on this evidence. It is contended that this evidence shows that the proper parties were not before the court. While the master overruled the motion to strike out this testimony, still it was clearly incompetent and was apparently disregarded both by the master and the court in the consideration of the case. Appellant had answered the bill and set up ownership in himself. If he had, in fact, conveyed the tax title and some person other than himself was the holder thereof he should have set up that fact in his answer. He attempts to explain the inconsistency between his testimony as a witness and his answer, by making a statement, which does not appear to have been made as a witness under oath, to the effect that he claimed to be the owner of the premises but not by virtue of the tax deed. He said, "I simply claim to be the

owner of the premises but not under the tax deed." No evidence whatever of any other title or claim was introduced, and the master and court were warranted in assuming that appellant had no claim or title other than the tax deed. Appellee was not required to look beyond the record to ascertain who was the holder of the tax title. Appellant appeared to be the holder of the tax title as shown by the deed records. When he was brought in as the sole defendant he answered the bill, denying that the tax title was invalid and claiming to be the owner of the premises. No hint or suggestion is made in his answer of any claim or title other than that evidenced by the tax deed, and a fair and reasonable construction of his answer could lead to no other conclusion than that his only claim of title was by virtue of the tax deed. There was no issue made by his answer in regard to any claim or title other than the tax title, nor was there any question whether some other person than appellant held some claim under said tax deed. In a chancery proceeding the admission of improper testimony is not cause for reversal where the competent evidence sustains the decree, and where incompetent evidence has been admitted in a chancery case the court may, and it is his duty to, disregard the same and base the decree only upon the competent evidence in the case. It must be assumed that both the master and the court wholly disregarded the improper and irrelevant testimony given by appellant to the effect that he had conveyed this tax title to some person or persons whom he did not remember. Excluding this evidence from consideration there is nothing upon which to base the assignment of error that the court did not have jurisdiction of the proper parties. Even if it appeared that other persons had such an interest as would make them proper parties, still the failure to join them as defendants is a matter which in no way prejudiced the interest of appellant, and he cannot complain. *Donham* v. *Joyce, (post,* p. 112.)

Appellant contends that the decree is not supported by the evidence, in that the proof fails, it is said, to show that appellee was in the actual possession of the premises described in the bill at the commencement of the suit. The description of the premises above given is taken from the bill and is correct. Appellee was a witness before the master and testified that he resided at No. 11,716 Perry avenue, Chicago, and that he had lived there with his family for twenty-five years. He was not asked to give, nor did he give, any evidence tending to identify this street number with the premises described in the bill. Thomas Scanlan testified on behalf of appellee that he was in the real estate business and had been so engaged for thirty years; that he knew appellee and knew where he resided. He stated that he did not positively know his street number, but that it was either 11,716 or 11,714, on the west side of Perry avenue. He then stated that he was familiar with the legal description of real estate in that vicinity; that he had been connected with a subdivision in that locality, and could state the legal description of appellee's lot without looking at any papers or plats to refresh his memory. He was then asked to describe the premises. Both the record and the abstract report his answer as follows: "Lot 6, in block 5, in Walter H. Field's addition to Pullman, and that is in section 21, township 31, north, range 14, east of the third principal meridian." He was then asked how long appellee had resided upon that lot, and said twenty years to his knowledge, and that he knew that appellee claimed to be the owner of the premises where he resided. This was all the evidence introduced tending to show that appellee was in possession of lot 64, in block 5, as described in the bill. Upon this evidence appellant contends that there is no proof of appellee's possession of the premises described in the bill. If Scanlan's testimony was properly reported there would be some basis for appellant's contention, but we are satisfied that there is an error either in taking down or in transcribing Scanlan's

testimony. At the time Scanlan was on the witness stand the appellant was appearing as his own counsel and cross-examined the witness, and from the questions on cross-examination, and the answers thereto, it is perfectly apparent that Scanlan said lot 64 instead of lot 6, and that the section was correctly given in his answer. A few of the questions on cross-examination, and the answers thereto, will show that appellant understood Scanlan to say that appellee resided on lot 64:

Q. "Mr. Scanlan, do you know who owns lot 63, in block 5, of this subdivision you have testified to?

A. "I don't recall now.

Q. "Do you know in what direction from lot 64, lot 63 is located?

A. "It is south, next to it.

Q. "Do you know if I own that lot or not,—lot 63,—or claim to be the owner?

A. "I think you have some tax claim on it.

Q. "That I claim to be the owner of that lot, do I? How about lot 66, in block 5,—in what direction is that from lots 63 and 64?

A. "I don't think there is any 66 in block 5. I don't claim to know every lot in it.

Q. "How far from the corner is lot 63?

A. "Lot 64 is at the alley and there is a little piece north. It is about 175 feet,—say 170 to 175 feet.

Q. "That is as near as you can get as to the location of that lot, is it?

A. "That is of lot 63.

Q. "As to lot 64, how far is that from the corner?

A. "The north edge of it is——

Q. "From the corner I mean.

A. "There is an alley there, and I guess in figuring the distance of lot 63 from the corner I did not figure the alley. That would make it 16 feet more than I said. First 135 and then 16 feet—that is 142.

Q.  "From what corner?

A.  ."Corner of 117 and Perry avenue.

Q.  "How far is that from the north end of the block?

A.  "That is the north end of the block.

Q.  "How far is that from the south end of the block?

A.  "I can't tell you offhand.  Perhaps it may be 500 feet,—that is, from the north to the south,—500 or 600. I can't be certain, Mr. Glos.

Q.  "Do you know if there are any improvements on lot 63, in block 5?

A.  "Yes, I think there are.

Q.  "Did you ever measure the distance from the south end of the block to the north end?

A.  "We had it surveyed—I had it surveyed.

Q.  "You don't know the dimensions of any of these lots?

A.  "Each lot is 25 feet front.

Q.  "That comprises two blocks from north to south,— from One Hundred and Fifteenth to One Hundred and Seventeenth street,—does it?

A.  "Subdivided it is one block, block 6, but they are in two street blocks.  There is no street cut through.  One Hundred and Seventeenth street stops at the church there. It does not go through.

Q.  "These dimensions you have testified to here are the frontage of two different blocks?

A.  "Yes, about that.

Q.  "Is that blocks 4 and 5 or blocks 5 and 6?

A.  "That is block 6.  Lots 63 and 64 are in block 5. The school house and Holland Church are in block 6.

Q.  "Is block 6 north or south of block 5?  Is it east or west?

A.  "It is east of block 5.

Q.  "Do you know in what quarter section this property is located that you have testified to?

A.  "I do.  It is the south-east quarter of section 21.

Q. "What town?

A. "37.

Q. "Did Field subdivide the whole south-east quarter?

A. "No, sir.

Q. "What part of the south-east quarter did Field subdivide?

A. "To explain that I will say the west forty-nine acres of the south-east quarter of section 21 was originally subdivided as Allen's subdivision, into blocks, and they are blocks 1, 2, 3, 4, 5 and 6 of Allen's, and that is what is known as Walter H. Field's addition to Pullman that is subdivided into lots. The balance left there, 7, 8 and 9, were James R. Mann's addition to Pullman. That is between One Hundred and Eighteenth and One Hundred and Nineteenth.

Q. "In what part of the block is the alley you have testified to? Is that the center or north end?

A. "The north part of the alley is next to lot 64,—the one that he owns."

When Scanlan's entire testimony, including his cross-examination, is considered, there is no room for doubt that his answer as transcribed is a clerical error. The evidence was sufficient to warrant the court in finding that appellee was in possession of the premises described in the bill when this tax title was obtained and also when this suit was commenced.

Appellant has assigned error upon the decree adjudging that he pay costs to the amount of $52, but that point is not argued in the brief. The only suggestion made upon this question is, that it was error to adjudge costs against appellant because appellee was not entitled to the relief prayed for in his bill.

The decree of the circuit court of Cook county will be affirmed.

*Decree affirmed.*