(No. 11674.—Decree affirmed.)

THOMAS H. CLARK, Appellant, vs. JOSEPH W. WAGGONER
*et al.* Appellees.

*Opinion filed April 17, 1918.*

1. BILLS OF REVIEW—*evidence cannot be reviewed on bill of review for error apparent on face of record.* On a bill of review for errors apparent on the face of the record the court is precluded from an investigation of the evidence, since the decree to be examined in such a case includes only the adjudication, pleadings and questions of law arising upon the facts as found in the original cause.

2. SAME—*newly discovered evidence on which to base a bill of review must not be merely cumulative.* Upon the filing of a bill of review for newly discovered evidence the newly discovered evidence upon which the court is asked to review and reverse the former decree must not be cumulative, merely, but must be of an important and decisive character, if not conclusive.

3. EQUITY—*improper evidence is harmless in chancery if competent evidence sustains the decree.* In a chancery proceeding the admission of improper evidence is harmless error where the competent evidence sustains the decree, as it is presumed in such a case the chancellor did his duty and disregarded incompetent evidence.

APPEAL from the Circuit Court of Hardin county; the Hon. CHARLES H. MILLER, Judge, presiding.

CHARLES DURFEE, JOHN W. BROWNING, JAMES WATSON, and BURRELL MORRIS, for appellant.

JOHN C. OXFORD, and ROEDEL & ROEDEL, for appellees.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Thomas H. Clark, (appellant,) Ricka Hubbs and Francis M. Hubbs filed a bill of review in the circuit court of Hardin county against Joseph W. Waggoner, Louis Hamp, Sr., Elizabeth Hamp, Lee Howell, Orville W. McGinnis, Harold D. Moran, H. Robert Fowler, Effie McCoy, Jessie Nutty and G. R. Nutty, to set aside and to review a for-

mer decree of that court rendered on a bill to quiet title to forty acres of land, on which is located a valuable fluor-spar mine. The bill was later dismissed as to H. Robert Fowler. A demurrer to the bill by the other defendants was sustained by the court. The complainants having elected to stand by their bill, the court entered a decree dismissing the bill for want of equity and taxed the costs against the complainants. From that decree Thomas H. Clark, alone, has prosecuted this appeal.

Appellant in his statement of the case refers to the bill as a bill of review for errors of law apparent on the face of the record sought to be reviewed, and both parties to the record have so treated it in their briefs and argument. The bill averred the filing of the original bill to quiet title in said circuit court on August 25, 1914, by Joseph W. Waggoner, H. Robert Fowler, Louis Hamp, Sr., Lee Howell, Harold D. Moran, Pitt Y. McCoy (who has since died) and Orville W. McGinnis, against the complainants in the bill of review. The original bill is set out in full in the supplemental bill, and the substance of the averments in the original bill is as follows: Henry Hamp and his wife, Charlotte Hamp, died intestate many years ago, leaving them surviving four children as their only heirs, Henry Hamp, Jr., Manda Hogan, Ricka Hubbs and Louis Hamp, Sr., and seized of the northwest quarter of the northwest quarter of section 18, town 11, south, range 8, east, in Hardin county. On January 26, 1874, they conveyed by warranty deed the land to their son Louis Hamp, Sr., the deed being an absolute deed without any reservation or exception, and was recorded in said county January 30, 1875, the record of which was destroyed by fire in 1884. On December 15, 1899, Louis Hamp, Sr., and wife, executed and delivered to F. H. Haley a mining lease to all the coal, iron ore, clay, oil, gas and all other minerals in said tract for the space of fifty years. By numerous assignments said leasehold estate became vested in the complainants in the origi-

nal bill in the following portions: Joseph W. Waggoner
and H. Robert Fowler 4/28ths each, and Lee Howell, Har-
old D. Moran, Pitt Y. McCoy and Orville W. McGinnis
each 5/28ths, and they have possession of the same. On
April 6, 1910, the deed of Charlotte and Henry Hamp to
Louis Hamp, Sr., was re-filed for record in said county, and
the record thereof contained the same language, in every
respect, as was in the original deed, except that the new
record of said deed contained the following clause as an
exception or reservation of the land conveyed, "One-half
of all minerals in all 140 acres," which reservation or ex-
ception was not in the original deed as first recorded but
has been interpolated in said original deed by someone hav-
ing wrongfully obtained control thereof, and that such in-
terpolation was fraudulently and wickedly made to deprive
complainants of their property rights. After said fire the
original deed to Louis Hamp, Sr., was introduced in evi-
dence in a lawsuit tried in said circuit court. The judgment
in that suit was appealed from to the Appellate Court, and
in the record of said appeal made up and certified by the
clerk of said court appears a copy of said deed showing no
such reservation or exception therein. Soon after the re-
filing of said forged instrument, as aforesaid, three other
instruments purporting to convey undivided interests in the
minerals under the real estate were filed for record in said
county, to-wit: One from Henry Hamp and his wife to
Francis M. Hubbs and Ricka Hubbs, his wife, bearing date
March 28, 1910; another from Manda Hogan and her hus-
band, Henry Hogan, to Francis M. Hubbs and Ricka Hubbs,
bearing date March 29, 1910; another from Francis M.
Hubbs and wife, Ricka Hubbs, to Thomas H. Clark, (ap-
pellant,) bearing date March 29, 1910; and that all three of
said deeds are without consideration and invalid as against
complainants. On March 14, 1911, appellant filed a bill for
partition of the minerals, etc., in said land, alleging that the
minerals were separated from the surface and claiming title

to said minerals from the Hamp heirs by said deed, and that he was entitled to an undivided three-eighths in said mineral estate, and further claiming that Louis Hamp, Sr., did not own the entirety of said mineral estate but only an undivided five-eighths thereof, and that he had no authority from his brother and sisters to lease a greater interest, and that the lease is a cloud on his title and ought to be removed. Afterwards the bill for partition was dismissed without prejudice, on motion of the complainant, but the record of the partition suit and the deeds are clouds on the title of complainants in the original bill. Further outstanding titles of record are averred by an amendment to the original bill, with allegations that the outstanding record titles are void as against the complainants, and other parties apparently interested in such outstanding titles are made parties to the bill, but the particulars of said averments are immaterial so far as this suit is concerned. The supplemental bill also set out in full the answer of the defendants to the original bill, which denied all of the allegations of fraud set up in the original bill, and further averred that appellant is the owner of an undivided three-eighths of the mineral rights by virtue of the conveyances to him. The replication of complainants in the original bill, and the answer of the guardian *ad litem* of the new parties added by way of amendment to the bill, were also set out in the supplemental bill. The bill further sets forth all orders and decrees of the court in said cause, by which it appears that the court entered a decree in the original suit finding the issues against appellant and the other defendants in the original bill, that the alleged spurious clause had been added to the deed of Henry Hamp and Charlotte Hamp to Louis Hamp, Sr., after the record thereof was destroyed by fire, and granted the relief prayed in the original bill. It is then further averred that there was a certificate of evidence in the cause prepared and signed by the trial judge and filed in the original cause June 14, 1916, "as by reference there-

unto will fully appear." The certificate of evidence or the contents thereof are not set out in the bill of review nor attached to the same as an exhibit. The bill then sets forth a number of errors "apparent upon the face of the record and decree as a basis for a review of said decree." A number of the errors relate to the sufficiency of the evidence in the original suit to support the decree and to rulings of the chancellor in the admission and exclusion of evidence offered by the parties. In the assignment of errors it is set forth that a number of exhibits, consisting of answers in some other suits and decisions of the Appellate Court in said suits, were erroneously admitted in evidence, but the exhibits are not set out in the bill of review or the nature of them.

The only error set forth in the bill of review that is argued and apparently relied on in this appeal is, in substance, as follows: That pursuant to an act of the General Assembly entitled "An act concerning proof of handwriting to be made by comparison," approved June 23, 1915, in force July 1, 1915, Thomas H. Clark gave the notice required by said law to the complainants in the original bill of his intention to offer an account book kept in the genuine handwriting of Henry Hamp, Sr., the grantor in the deed containing the alleged spurious clause, the handwriting in the account book to be used as evidence and as a standard of handwriting for comparison with the handwriting in the spurious clause and for the purpose of proving that Henry Hamp, Sr., wrote the alleged spurious clause in the deed with his own hand; that upon the hearing, when defendant Clark offered evidence identifying said book for the purpose of comparing the handwriting therein with the handwriting in the deed, the complainants, Waggoner and others, objected to the admission of the evidence, and the court sustained the objection on the ground that said act was not approved until July 23, 1915, and therefore was not in force; that the court was induced to make such er-

roneous ruling by reason of the fact that a copy of the session laws then before the court erroneously recited at the end of the act that it was approved July 23, 1915; that had the court admitted the evidence it would have indisputably appeared that the clause in said deed was in the true and genuine handwriting of the grantor, and that the action of the court is manifest error, as will appear "by reference to the certificate of evidence."

The foregoing facts alleged in appellant's supplemental bill and the errors assigned show clearly that appellant has misconceived his remedy in this case. Upon the filing of a bill of review for error apparent upon the face of the record the court will not review the propriety of the determination of the matters of fact in the record asked to be reviewed or the evidence on which the decree is founded. It is only upon matters of law arising upon the facts found in the decree, which are to be taken as absolutely true as stated in the decree, that any question can be raised. (*Griggs* v. *Gear,* 3 Gilm. 2.) It is not necessary or proper to state the evidence on which the court found the facts. The sufficiency of the evidence to establish the facts as found can not be controverted in such a bill. It is not of a misjudging of the facts that a party can complain but of an improper determination of the law. (*Turner* v. *Berry,* 3 Gilm. 541.) Even in a bill of review for newly discovered evidence the newly discovered evidence upon which the court is asked to review and reverse the former decree must not be cumulative, merely, but must be of an important and decisive character, if not conclusive. (*Elzas* v. *Elzas,* 183 Ill. 132.) The rejected evidence complained of was merely in the nature of cumulative evidence so far as the handwriting in the account book is concerned, as the deed itself appears to have been in evidence which contained the genuine signature of the grantor, as well as the alleged spurious writing interpolated in the deed. The law on the subject in question is very clearly stated by Mr. Justice Story,

(Story's Eq. Pl. sec. 407,) and his language adopted by this court in *Evans* v. *Clement,* 14 Ill. 206, as follows: "In regard to errors of law apparent on the face of the decree the established doctrine is that you cannot look into the evidence in the case in order to show the decree to be erroneous in its statement of the facts. That is the proper office of the court on an appeal. But taking the facts to be as they are stated to be on the face of the decree, you must show that the court have erred in point of law. If, therefore, the decree do not contain a statement of the material facts on which the decree proceeds, it is plain there can be no relief by bill of review but only by an appeal to some superior tribunal."

The contention of appellant, when analyzed, is that the court erroneously decided that the clause in the deed reserving one-half of all the minerals was interpolated in the said deed after it was first recorded and subsequent to the burning of the court house; that the erroneous decision on that question of fact was caused by an error of law apparent on the face of the record, to-wit, the certificate of the evidence not set forth in the bill of review but merely referred to therein. That question of fact is shown by the bill to have been positively found and decided by the court in its decree rendered in the suit to quiet title. That statement of fact as found in the decree must be taken as true in this case, because on a bill of review for errors apparent on the face of the record the court is precluded from an investigation of the evidence, since the decree to be examined in such a case includes only the adjudication, pleadings and the facts as found in the original cause. *Allerton* v. *Hopkins,* 160 Ill. 448; *Whiting* v. *Bank of United States,* 13 Pet. 6.

It is apparent that this court, not being furnished with the evidence in the original suit to quiet title, which is already shown to be properly not in this record or in the bill of review, could not possibly determine whether or not the

court committed reversible error in such original suit. It is elementary that in a chancery proceeding the admission of improper evidence is harmless error where the competent evidence sustains the decree. It is presumed in such a case that the chancellor did his duty and disregarded incompetent evidence. (*Lilois* v. *Glos,* 257 Ill. 85.) The erroneous exclusion of proper evidence may or may not 'be reversible error, depending entirely upon a consideration of all of the evidence in the record, which in this case we have no opportunity to review. It must be apparent, then, that the demurrer to the bill was properly sustained by the lower court, and its decree must be affirmed, as the demurrer to the bill only admitted the facts in the record properly pleaded but not the mere conclusion of the pleader that the error of the court was reversible error.

The decree is therefore affirmed.     *Decree affirmed.*