(No. 12660.—Decree affirmed.)

JOSEPH W. WAGGONER *et al.* Defendants in Error, *vs.*
THOMAS H. CLARK, Plaintiff in Error.

*Opinion filed April 21, 1920—Petition stricken June 2, 1920.*

1. EVIDENCE—*when account book is admissible to prove hand-writing.* In a suit to have an interlineation or alteration in a deed removed as a cloud upon the title conveyed by the deed, an account book kept by the grantor during his lifetime is admissible, under the act of 1915 concerning the proof of handwriting, (Hurd's Stat. 1917, p. 1492,) to prove that the interlineation is in the grantor's handwriting; but the error in excluding such evidence is not reversible where its admission could not have affected the finding of the chancellor.

2. DEEDS—*validity of an alteration is a question of fact.* An interlineation or alteration in an instrument does not, of itself, raise any presumption of law either for or against the validity of the instrument, but the questions when, by whom and with what intent the alteration was made are questions of fact.

3. SAME—*validity of alteration must be proved by party claiming benefit of instrument as altered.* Where an alteration is established either by inspection of the instrument itself or is admitted, the party claiming the benefit of the instrument as altered must show that the alteration was made under circumstances rendering it lawful, and if it is suspicious in appearance and a satisfactory explanation is not made the conclusion will be against its validity, without regard to the age of the instrument or the alteration.

4. CLOUD ON TITLE—*when charge that alteration is a forgery need not be proved beyond reasonable doubt.* In a suit to remove an interlineation or alteration from a deed as a cloud upon the title conveyed by it, the charge in the bill need not be proved beyond a reasonable doubt on the ground that it amounts to a charge of forgery, where there is no charge of crime against any party to the suit.

5. SAME—*when finding of chancellor will not be reversed for admission of incompetent evidence.* The Supreme Court will not reverse the findings of the chancellor for error in admitting incompetent evidence where there is sufficient competent evidence in the record upon which to sustain the finding, as it is presumed, in such a case, that the chancellor did his duty and disregarded the incompetent evidence.

WRIT OF ERROR to the Circuit Court of Hardin county; the Hon. CHARLES H. MILLER, Judge, presiding.

CHARLES DURFEE, JOHN W. BROWNING, JAMES A. WATSON, and BURRELL MORRIS, for plaintiff· in error.

ROEDEL & ROEDEL, for defendants in error.

Mr. JUSTICE STONE delivered the opinion of the court:

This cause comes to this court by writ of error to the circuit court of Hardin county by Thomas H. Clark, plaintiff in error, one of the defendants in said circuit court, to review a decree entered in said court quieting the title to the land of complainants, to-wit, the northwest quarter of the northwest quarter of section 18, township 11, south, range 8, east, situated in the county of Hardin and State of Illinois.

The issues raised in this court by the assignments of error refer to that portion of the decree of the chancellor holding void a certain exception of one-half of all minerals underlying the surface of the above described land, appearing in a certain deed from Charlotte Hamp and Henry Hamp, her husband, to complainant Louis Hamp, their son, under date of January 26, 1874, on the ground that said exception had been inserted or interlined in the deed after its delivery, and removing the exception and record thereof as a cloud upon the complainants' title; also that portion of the decree of the chancellor which sets aside as a cloud upon the complainants' title a certain proceeding in partition commenced on March 14, 1911, by plaintiff in error in said court and afterward by him dismissed without prejudice and without a hearing on the merits.

The deed is signed by Charlotte Hamp by mark, witnessed by W. J. Bank and James M. Isham, the latter being the justice of the peace who took the acknowledgment in the usual form required by statute at that time. In the certificate of acknowledgment the justice of the peace certified that Charlotte Hamp is sole owner and the wife of Henry Hamp. After the description of the land in question as

well as of other lands conveyed by said deed appears the language, "except the timber on twenty acres in the northwest quarter of the northwest quarter, on the west side, in township 11, south, range 8, east." The word "east" appears near the right-hand margin of the deed, and a line is drawn diagonally from said word downward to near the left-hand margin, over that portion of the deed not used for description. On the first line below the description, ending in the word "east," near the left margin of the deed and extending to the right throughout the first line and intersecting the diagonal line and also occupying a portion of the second line under the description, appear the words, "one-half of all miniralien of all hundret & forty acer," being the language in dispute, which the chancellor decreed should be stricken from the deed. The deed was filed for record in the office of the recorder of deeds of said county in deed record I, at page 552, on January 30, 1874. The record thereof was afterward destroyed by a fire when the court house in which the record was kept burned in the year 1884. On April 6, 1910, the deed was re-filed and re-recorded and then contained the language in dispute. It is stipulated by the parties that the grantors in this deed, Henry and Charlotte Hamp, are dead, and that the former died about 1880.

This cause was before this court in the case of *Clark* v. *Waggoner,* 283 Ill. 199, on a bill of review filed by the plaintiff in error, and the facts and issues involved in the cause were fully stated there and do not require a more complete statement here. The issue involved in this case is whether or not the interlineation in question in the deed from Charlotte and Henry Hamp, her husband, was made before or after the execution and delivery of the deed, it being practically admitted that the words referred to are interpolations or interlineations.

The principal assignment of error of plaintiff in error, who claims the minerals in these lands by deed from cer-

tain of the heirs-at-law of Charlotte and Henry Hamp, is to the ruling of the court in excluding a certain account book proved to have been kept in the handwriting of the grantor, Henry Hamp, which book was sought to be introduced in evidence as a standard of handwriting for comparison, it being the contention of plaintiff in error that the insertion referred to was made by Henry Hamp before the execution and delivery of the deed, and that, the document being an ancient document, the alteration itself being ancient and the deed being old and faded and the insertion being apparently as old as the document, it was important that the account book in question be admitted for the purpose of establishing a comparison of handwriting, in order that it might be shown that the insertion was made by Henry Hamp while the deed was yet in the possession of the grantors. Under an act entitled "An act concerning proof of handwriting and to permit proof of handwriting to be made by comparison," approved June 23, 1915, in force July 1, 1915, (Hurd's Stat. 1917, p. 1492,) handwriting may be proved by comparison made by a witness or by the jury with writings which are admitted in evidence or treated as genuine or admitted to be genuine by the party against whom the evidence is offered or proved to be genuine to the satisfaction of the court. Sections 2 and 3 of said act provide for notice to the opposing side, with opportunity to examine the proposed standards before the same shall be admitted in evidence. Under this act the book in question was competent evidence, and it is claimed to be important evidence because of the fact that there was no other handwriting of Henry Hamp in the record with which a comparison might be made except his signature to the deed.

Defendants in error contend that while the book was properly admissible, yet had it been admitted in evidence and had it established all that could be claimed for it by the plaintiff in error that could not form a basis for reversing the decree in this case, for the reason that under

the evidence in this record the chancellor could not have found otherwise than he did find. Under the rule adopted in this State an interlineation or alteration in an instrument does not, of itself, raise any presumption of law either for or against the validity of the instrument but the question when and by whom and with what intent it was made is one of fact. (*Gillett* v. *Sweat,* I Gilm. 475.) In *Walters* v. *Short,* 5 Gilm. 252, it was sought to have the court adopt the presumption that an alteration was contemporaneous with the execution of the instrument, and the court refused so to do but left it to be explained by the evidence as a question of fact. It may therefore be taken as well settled in this State that there is no presumption of law that an instrument has been altered from its condition when executed but that this is a question of fact, and the party producing such instrument is called upon to explain the alteration. This court has uniformly required that an alteration or interlineation shall be explained by the party claiming the benefit of the paper, and if it is suspicious in appearance and a satisfactory explanation is not made, the conclusion will be against its validity. (*Schmidt* v. *Bauermeister,* 279 Ill. 504; *Webster* v. *Yorty,* 194 id. 408; *Hutchison* v. *Kelly,* 276 id. 438; *Catlin Coal Co.* v. *Lloyd,* 180 id. 398; *Pyle* v. *Oustatt,* 92 id. 209; *Montag* v. *Linn,* 23 id. 503; *Hodge* v. *Gilman,* 20 id. 437; *Reed* v. *Kemp,* 16 id. 445.) This is the true rule without regard to the age of the instrument or the alteration, where such alteration is shown to exist.

It is contended by plaintiff in error that since defendants in error introduced the deed of Henry and Charlotte Hamp in evidence and sought relief under their bill to quiet title by reason of the grant in such deed, they, having raised the question of the alteration, are bound to show by a preponderance of the evidence that the alteration was, in fact, made subsequent to the execution and delivery of the deed. It is not contended by either party to this cause that there was no alteration. It is evident from a most casual exami-

nation of the instrument that it was altered. The handwriting is a different handwriting; the language used is a different phraseology. So we have here a case of an alteration, and the question arises, when was such alteration made and by whom? As we have seen, there is no presumption concerning such matters. As was said in *Hutchison* v. *Kelly, supra,* the party claiming the benefit of the instrument must explain the alteration, and if not satisfactorily explained a conclusion of fact follows against it. The plaintiff in error seeks to claim the benefit of the alteration in the instrument. Under the general rule, where the alteration is established either by inspection of the instrument itself or the alteration is admitted, the burden of proof shifts to the person claiming the benefit of the instrument as altered to show that the alteration was made under circumstances rendering it lawful. (2 Corpus Juris, 1268; *Merritt* v. *Dewey,* 218 Ill. 599; *Maguire* v. *Eichemeier,* 109 Ia. 301; *Glover* v. *Gentry,* 104 Ala. 222; *National Ulster County Bank* v. *Madden,* 114 N. Y. 280.) In this case it having been shown that there was, in fact, an alteration, the burden rested on plaintiff in error, who seeks the benefit of the instrument as altered, to show that the alteration was made prior to the execution and delivery of the instrument. The record contains no proof on that subject. Assuming, therefore, that the account book, as a standard of comparison of handwriting, proves all that plaintiff in error claims for it, and that it shows the interlineation was made by Henry Hamp, one of the grantors, yet this, of itself, is not sufficient to establish that the alteration was made before the execution and delivery of the instrument, and the record contains no evidence on that subject further than the deed itself. The plaintiff in error might, had he had such evidence, have offered it on the hearing. Furthermore, the language of the deed in describing the grantors tends to establish that the fee to the land in question was in Charlotte Hamp, the wife, and that Henry Hamp owned but a dower interest therein. This

being true, there is no presumption of law that Henry
Hamp had authority to make this reservation on behalf
of the owner of the fee, Charlotte Hamp, and in the ab-
sence of proof such authority is not established. We are
of the opinion, therefore, that taking this account book as
establishing all that plaintiff in error contends it would es-
tablish, the chancellor could not have come to a different
conclusion on this record.

It is also contended that the charge in the bill amounts
to a charge of forgery, and that the proof where a charge
of forgery or alteration is made must be sufficiently strong
to remove every reasonable doubt, since the charge of for-
gery is the charge of a crime. This is the true rule where
such charge is made against a party to the suit. In this
case, however, the bill does not charge anyone with crime.
No name is mentioned, and unless it be a charge amount-
ing to a charge of a crime against a party to the suit such
rule does not apply. *Foster* v. *Graf*, 287 Ill. 559.

Complaint is made by plaintiff in error of the admis-
sion of certain evidence. We have examined the record
pertaining to such evidence, and while incompetent evidence
was admitted, we are satisfied that there is ample compe-
tent evidence in the record upon which to base the finding
of the chancellor. The rule is well settled in this State
that this court will not reverse the finding of the chancel-
lor for error in admitting incompetent evidence where there
is sufficient competent evidence in the record upon which
to sustain the finding, it being presumed in such a case that
the chancellor did his duty and disregarded the incompetent
evidence. *Lilois* v. *Glos*, 257 Ill. 85.

There being no reversible error in the record the decree
of the circuit court will be affirmed.          *Decree affirmed.*