## William W. Rice, Appellant, v. Frank J. Petru, Appellee.

### Gen. No. 25,075.

1. ALTERATION OF INSTRUMENTS, § 22*—*who must prove alterations.* A bill to declare a contract for the sale of realty void because of alterations was improperly dismissed on the ground that complainant had failed to sustain the burden of proving the alterations, the rule being that the party claiming the benefit of the alterations had the burden of proof.

2. ALTERATION OF INSTRUMENTS, § 22*—*when burden of proof shifts as to alterations.* Under the general rule, where an alteration is established either by inspection of the instrument itself or the alteration is admitted, the burden of proof shifts to the person claiming the benefit of the instrument as altered to show that the alteration was made under circumstances rendering it lawful.

Appeal from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding. Heard in this court at the March term, 1919. Reversed and remanded. Opinion filed November 4, 1920.

PRATT & ZEISS, for appellant.

JOSEPH KOHN, for appellee.

MR. PRESIDING JUSTICE TAYLOR delivered the opinion of the court.

The plaintiff Rice, having filed a petition for a rehearing, and his motion thereon having been allowed, this opinion is rendered supplanting, in substance, the former opinion of this court in the instant case. By the petition for rehearing our attention was called to a very recent case, *Waggoner v. Clark,* 293 Ill. 256, which has been handed down since our opinion has been filed. In that case, which was a suit to remove an interlineation or alteration from a deed as a cloud

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

upon the title conveyed by it, it was held that where an alteration is established either by inspection of the instrument itself or is admitted to have been made, he who claims the benefit of the instrument in its altered condition must prove that the alteration was made under circumstances rendering it lawful; and that the interlineation or alteration in the instrument does not, in itself, create any presumption at law either for or against the validity of the instrument but "is a question of fact, and the party producing such instrument is called upon to explain the alteration." In that case the Supreme Court used the following language: "As was said in *Hutchison v. Kelly*, 276 Ill. 438, the party claiming the benefit of the instrument must explain the alteration, and if not satisfactorily explained a conclusion of fact follows against it. The plaintiff in error seeks to claim the benefit of the alteration in the instrument. Under the general rule, where the alteration is established either by inspection of the instrument itself or the alteration is admitted, the burden of proof shifts to the person claiming the benefit of the instrument as altered to show that the alteration was made under circumstances rendering it lawful. * * * In this case, it having been shown there was, in fact, an alteration, the burden rested on plaintiff in error, who seeks the benefit of the instrument as altered, to show that the alteration was made prior to the execution and delivery of the instrument." In the instant case, as was said in our former opinion, the chancellor dismissed the bill of complaint because he was not satisfied that the evidence sufficiently proved that, when complainant signed the contract in question, it contained the names of the Wentworths. We further stated in that opinion that: "It may be that Petru changed the name of the grantor. As with the chancellor, so with us, we do not know." Obviously, applying the principle of *Waggoner v. Clark, supra,* the burden of introducing evidence to show that the

alteration was made before the instrument was signed fell upon the defendant and it became necessary for him to establish that fact by a preponderance of the evidence. We are of the opinion that he failed to accomplish that result, and, therefore, that the decree of the chancellor must be reversed.

The decree is, therefore, reversed and the cause remanded that a new trial may be had and the evidence that has already been taken be reconsidered, together with whatever additional evidence the parties may see fit to introduce.

*Reversed and remanded.*

O'CONNOR, J. and THOMSON, J., concur.