Walter Reinhardt et al., Appellees, v. Security Insurance Company of New Haven, Conn., Appellant.

Heard in this court at the October term, 1943. Opinion filed October 30, 1943. Rehearing denied February 23, 1944.

SAMUEL LEVIN, of Chicago, and Walter E. Ackermann, of Belleville, for appellant.

JOHN R. SPRAGUE and JAMES O. MILLER, both of Belleville, for appellees.

MR. JUSTICE STONE delivered the opinion of the court.

This is an action to recover on a standard fire insurance policy for $1,000 issued by defendant, on a building occupied and to be occupied only for dwelling purposes, which was issued to plaintiffs, Sebastian Huskamp and Rose Huskamp, who sue for the full amount of the policy for loss sustained by the destruction of this building by fire on June 16, 1934.

This policy contained a mortgage clause providing that loss under this policy should be payable to F. W. Schneidewind, trustee, who is named therein, as his interest may appear, and who held a mortgage on the premises on which this building was situated that secured a note of the Huskamps for $600, and the other plaintiff, Frank Reinhardt, trustee, sues as assignee of Schneidewind and claims that he is entitled to an equitable lien upon any judgment which plaintiff, Huskamp, obtained for the amount of this policy.

The case was tried upon a second amended complaint. The original complaint was filed June 2, 1935, which was a year after the fire, lacking four days and by Frank Reinhardt, trustee as sole plaintiff. He alleged that the Huskamps had refused to join in the action and he made them parties defendant; service was had upon them but they filed no pleading.

Thereafter, on September 23, 1935, an amended complaint was filed in which, in addition to Reinhardt, the

Huskamps were made parties plaintiff and the insurance company the sole defendant. No leave of court was asked or given to make the Huskamps parties plaintiff, and upon defendant making a motion to strike this amended complaint on that ground, this complaint was stricken. Plaintiffs elected to stand on this amended complaint. Thereupon the court dismissed the suit and entered judgment against plaintiffs for costs from which judgment they prosecuted an appeal to this court, which judgment was reversed on the ground that defendant's motion was limited to and only questioned plaintiffs' right to transpose the Huskamps from parties defendant to plaintiff and that the court should have limited its order in the same way and struck their names as parties plaintiff from the amended complaint. It was held error to dismiss the suit in bar of the action. *Reinhardt v. Security Ins. Co. of New Haven, Conn.,* 287 Ill. App. 320.

Thereafter the case was tried upon the second amended complaint, and at the conclusion of the evidence offered by plaintiff, and without any evidence being offered by defendant, the trial court, on motion of defendant, entered judgment for defendant, from which judgment, defendants appealed, and this court reversed and remanded the case for further proceedings. *Reinhardt v. Security Ins. Co. of New Haven, Conn.,* 312 Ill. App. 1.

Upon the second trial of the cause, a finding was made in favor of plaintiff on the issues, and judgment was entered in favor of plaintiff Reinhardt for $600 and interest in the amount of $357 up to June 19, 1942, a total of $957, and judgment was entered in favor of plaintiffs Huskamp for $43, the balance found due and payable on the insurance contract sued on, and $391.70 interest at 5 percent after August 16, 1934, a total of $434.70, from which judgment, the present appeal is prosecuted to this court. After judgment, on the suggestion of the death of plaintiff Reinhardt, there was

substituted for him, as parties plaintiff, Walter Reinhardt and Gus Reinhardt, executors of the last will and testament of Frank Reinhardt, deceased.

On May 17, 1933, the defendant through A. S. Vien, its local agent, issued and delivered to plaintiffs Sebastian Huskamp and Rose Huskamp, who were husband and wife, its policy of insurance by which it agreed to insure them from May 17, 1933 to May 17, 1936, against loss or damage by fire in an amount not exceeding $1,000 to "a one story . . . frame building" located on real estate near East St. Louis. The policy stated that the building was then "occupied and to be occupied only for dwelling purposes." The policy contained provisions to the effect that it would be void if assigned by the insured before a loss, or if the hazard be increased by any means within the control of knowledge of the insured, or if any change took place in the possession of the subject of the insurance (except change of occupancy without increase in hazard); that if fire occurred the insured should render a written report of loss within 60 days after the fire, that no suit or action on the policy should be sustainable unless commenced within 12 months after the fire, and that no agent should have power to waive any of the provisions or conditions of the policy except by such waivers as should be in writing and attached to the policy.

The policy had attached thereto, a "standard mortgage clause" No. 127, dated May 17, 1933 and executed by the defendant by such local agent, the material provisions of which were:

(1) "Loss or damage, if any, under this policy shall be payable to F. E. Schneidewind, Trustee, . . . as interest may appear, and this insurance, as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect of the mortgagor . . . nor by the occupation of the premises

for purposes more hazardous than are permitted by this policy . . . ."

(2) "Provided also, that the mortgagee (or trustee) shall notify this company of any change of . . . occupancy or increase of hazard which shall come to the knowledge of said mortgagee (or trustee) and . . . it shall be noted thereon, and the mortgagee (or trustee), shall, on demand, pay the premium for such increased hazard . . . ."

Prior to the delivery of the policy on December 19, 1932, Mr. and Mrs. Huskamp had executed and delivered to Schneidewind, trustee, a mortgage dated December 19, 1932, on said real estate to secure their note for $600 and interest, payable on December 19, 1935. The principal of such note, plus interest since December 19, 1933, remains unpaid.

On or about May 17, 1933, and after receiving such policy, Mr. and Mrs. Huskamp delivered the same to Schneidewind, trustee, as collateral security for the indebtedness secured by the mortgage.

On September 22, 1933, by written assignment of that date, Schneidewind, trustee, assigned the mortgage and the indebtedness thereby secured to Frank Reinhardt, trustee, and at the time of such assignment Schneidewind, trustee, delivered to Reinhardt, trustee, the mortgage and the note thereby secured, and the insurance policy in question, with such loss clause so attached,—such note being indorsed by Schneidewind, trustee, "without recourse." The written assignment of mortgage made no mention of the insurance policy or of the mortgage clause attached. Schneidewind made no other written assignment, either on the policy or on the loss clause, or otherwise. Defendant did not know until after June 16, 1934, that Reinhardt had acquired such mortgage, note and policy.

On June 16, 1934, while still owned by Mr. and Mrs. Huskamp and while said mortgage and indebtedness were owned and held by Reinhardt, trustee, and while

such policy and loss clause were also held by him, the building described in the policy was destroyed by fire.

At the time the policy was issued the property was and thereafter continued to be occupied by a tenant, as a dwelling only, until one Chaney moved on said real estate about three months before the fire. Thereafter Chaney, as a tenant of Mr. and Mrs. Huskamp, occupied the property for about two months, as a dwelling only, and thereafter for another month and at the time of the fire Chaney as such tenant occupied the building as a dwelling and tavern in which beer and the usual intoxicating liquors were sold.

Mrs. Huskamp knew the property was going to be and was during such last month occupied as a tavern. The record is silent as to knowledge on the part of her husband, but we will assume he had the same knowledge. Neither Schneidewind nor Reinhardt had any such knowledge.

It is contended on behalf of defendant that more than a year had run when either the first or second amended complaints were filed, and that the filing of the original complaint was likewise ineffective in stopping the running of the period of limitation in this policy, as to plaintiff Reinhardt. It is also contended with reference to the cause of action of plaintiff Reinhardt that he is not entitled to judgment because of the fact that the allegation of the complaint was, that he was entitled to an equitable lien on the sum of $1,000 due from defendant to plaintiff Huskamp, and that he does not ask for any judgment and cannot be entitled to a judgment. On the former trial of this case in this court (*Reinhardt v. Security Ins. Co. of New Haven, Conn.*, 312 Ill. App. 1) we held that plaintiff Reinhardt, made a prima facie case entitling him to judgment for the amount due him as assignee of the mortgage indebtedness. The rule of law is, that when litigation is prosecuted to an appellate tribunal and questions of law are decided, all such questions relat-

ing to the same subject matter, which were open to consideration and could have been presented are *res judicata,* whether they were presented or not. This is true whether the judgment was reversed and remanded, or the judgment affirmed. *City of Chicago v. Collin,* 316 Ill. 104. We do not deem it necessary to discuss further questions of law, which were or could have been presented on the previous appeal to this court, involving the right of plaintiff Reinhardt to recover.

It is also contended that neither of the Huskamps were party plaintiff to the original complaint but were defendants; that the first amended complaint was filed September 23, 1935, and more than a year after the fire, and the second amended complaint was filed May 10, 1937, almost three years after the fire, so that under the one year provision of the policy, this action was barred by the limitation contained in the policy. The original complaint and the amended complaint set forth the interests of the Huskamps as well as of Reinhardt and all the amendment did was to change Huskamps' position from defendants to plaintiffs. Under Illinois Civil Practice Act, sec. 46 (2) (Ill. Rev. Stat., ch. 110, par. 170 [Jones Ill. Stats. Ann. 104.046]) the cause of action, cross demand or defense set up in any amended pleading shall not be barred by lapse of time under any statute or contract, limiting the time within which an action may be brought, and if it appears from the original and amended pleading that the cause of action grew out of the same transaction, set up in the original pleading any such amendment shall be held to relate back to the date of the filing of the original pleading so amended. Under this section, the amendment to the complaint will be held to relate back to the date of filing of pleading amended and thus prevent the action being barred by lapse of time, when such pleading was defective in failing to allege performance of some fact or some other matter which

is a necessary condition precedent to recovery, when such condition precedent has in fact been performed. *Friend v. Alton R. Co.,* 283 Ill. App. 366. We are therefore constrained to hold that the substitution of the parties from defendant to plaintiff, did not create the bar of limitation under the policy.

It is argued on behalf of defendant, that the policy was rendered void by plaintiffs Huskamp using one room as a tavern when the express provision of the policy was to the effect that the building was to be used only for dwelling purposes. Reinhardt and Schneidewind had no knowledge of the increase of hazard or change of occupancy and were not bound under the mortgage clause by such changes.

The record indicates that Alex Vien, Jr. signed the insurance contract in question. The premium was paid to Alex Vien, Sr., and was delivered by him. Both were in the insurance office together in the First National Bank Building in East St. Louis. Both had the Huskamps sign the papers which were designated as proof of loss, all of which would indicate that they were agents of defendant. Agents of an insurance company who are authorized to solicit and sell insurance, deliver policies and collect premiums are general agents of the company, and as such have power to waive conditions in an insurance policy and notice to them is notice to the company. *Metropolitan Life Ins. Co. v. Sullivan,* 112 Ill. App. 500. If the company retains the premium and does not elect to cancel the policy, it will be held to have waived the condition and be liable under the policy. *Phenix Ins. Co. v. Grove,* 215 Ill. 299; *Orient Ins. Co. v. McKnight,* 197 Ill. App. 190. Mrs. Huskamp testified that before the property was rented to Chaney, she went to Alex Vien's office and told him that Chaney was going to rent the front of the building as a tavern. She also testified that Alex Vien and Alex Vien, Jr. were on the premises, before the fire, at the time when Chaney was operat-

ing the tavern there, indicative of notice to the company.

However, it is claimed, on the part of defendant, that inasmuch as Vien, Sr. was dead at the time of the second trial, at the time witness Mrs. Huskamp testified, it was not competent for her to testify to any conversation with or admission of, an agent of the opposite party who was then deceased. In a hearing before the court without a jury, it will be presumed, on appeal that the court below considered only competent evidence. *Waggoner v. Clark*, 293 Ill. 256; *Drum v. Drum*, 251 Ill. 232; *Allen v. McGill*, 311 Ill. 170. We are inclined to the belief that there was still sufficient competent evidence in the record on this question, to justify the trial court in the belief, that there was notice to defendant and waiver on its part.

It is next contended by defendant that compliance with the provision with reference to making proof of loss, was a condition precedent to any liability on the policy, and that there was no such proof. In the former opinion of this court, in this case, we said, "We believe that there was sufficient proof of the presentation to defendant of written proof of loss to make a prima facie case." *Reinhardt v. Security Ins. Co. of New Haven, Conn.*, 312 Ill. App. 1. On practically the same testimony on that proposition in the instant case, we are of the same opinion.

It was further said in the former opinion, "It is our opinion that the plaintiff Reinhardt, trustee, made a prima facie case entitling him to judgment for the amount due him as assignee of the mortgage indebtedness. It is also our opinion if the plaintiffs Huskamp had been permitted to introduce and had introduced evidence showing or tending to show a waiver of the condition of the policy with reference to an increase in hazard by reason of the change in occupancy, they would have made a prima facie case entitling them to judgment for the balance of the proceeds of the pol-

icy." *Reinhardt v. Security Ins. Co. of New Haven, Conn., supra.*

Upon substantially the same record being presented to us again and with the evidence as set forth in this opinion being introduced by plaintiffs, on the question of waiver, we are not inclined to hold that the court erred in entering judgment in favor of plaintiffs.

Finding no reversible error in this record, the judgment of the trial court will be affirmed.

*Affirmed.*