Royal Loan Corporation, Plaintiff-Appellee, v. American Surety Company of New York, Defendant-Appellant.

**Gen. No. 60–O–25.**

Fourth District.

March 8, 1961.

Oehmke, Dunham & Boman, of East St. Louis (John W. Leskera, of counsel) for appellant.

Listeman and Bandy, of East St. Louis, and R. K. Peek, of DuQuoin, for appellee.

SCHEINEMAN, J.

This case involves a surety bond issued by the defendant to cover losses of the plaintiff by virtue of defalcations on the part of employees. The amount of the liability was limited to $5,000 and there was a provision that any recoveries made by the insured could be retained to apply on losses exceeding the face amount of the bond. There was also the usual provision for giving notice of liability and making proof of loss within a limited time.

The trial of the case resulted in a judgment in favor of the plaintiff for the sum of $5,000 plus interest. It is contended by defendant on this appeal that notice of loss and proof of loss were not supplied to the defendant company within the time specified by the terms of the bond.

To sustain the judgment the plaintiff contends that notice was given to the local agent of the company within the time prescribed and furthermore that the giving of notice and proof of loss within the required time was waived by the defendant.

As to the first point, the Court finds that the supposed notice to the local agent is not a compliance with the terms of the bond, because of the fact that the owner of the plaintiff company was a partner in

251

the local insurance agency, and the only notice given to the defendant was a verbal communication by the one partner to the other.

The facts as to the loss are as follows: Mr. Mayor, owner of the plaintiff company, discovered shortages in the account of an employee and upon fully examining the accounts it became apparent that there was something like $12,000 which the employee had taken. This information was conveyed to Mr. Gladson who was Mr. Mayor's partner in the insurance agency which represented the defendant company in that locality, but no notice was given the home office at that time.

Efforts were made to recover the loss from the defaulting employee. He was kept on the pay-roll for a while longer and deductions made from his salary and he paid some other small amounts. The aggregate recovery was insignificant and leaves the loss a much larger sum than the face of the bond. Later, the same employee began taking additional amounts which resulted in his discharge.

The facts concerning the supposed waiver of the time of giving notice and proving the loss are as follows: Long after the expiration of the time specified in the bond, Mr. Gladson, the local agent, went with Mr. Mayor, owner of the plaintiff company, to St. Louis to report the loss to the home office. There they met with Mr. Curtis, the office manager, Mr. Hawry, manager of the claim department, and Mr. Bowen, who is in charge of the bond underwriting department.

At this conference the representatives of defendant company were given the information concerning the loss and subsequent events. Testimony for plaintiff is to this effect: These gentlemen expressed no concern over the fact that no notice or written proof of loss had been previously furnished, that, in fact, they sympathized with the plaintiff in that the bond

had not been for a larger amount. The statement was made that the loss would be taken care of, that they had similar cases in which losses had been taken care of, and that it would be paid promptly. They then requested that a proof of loss be executed by Mr. Mayor which was done in their presence, and the statement was then made that it would be processed and that payment would be forthcoming in the near future.

This testimony in behalf of plaintiff is in no way contradicted, although the representatives of the defendant company were present and available at the trial.

█ So far as the law on the subject of waiver is concerned, we find there is considerable conflict in the precedents on the subject, but it appears to us the weight of authority is to the effect that the strict compliance with the provisions in the bond or insurance policy may be waived by the company even though it is stated in the policy that no waiver shall be effective. The following are general statements of the rule:

"If an insurance company after loss, distinctly admits or otherwise recognizes its liability to pay the claim, that constitutes a waiver of requirements of the policy as to notice and proofs of loss. Waiver thus occurs where the company promises to pay the loss or the amount of an appraisement when made." 45 C.J.S., Insurance, Sec. 982 (6–g).

"Generally speaking, a course of conduct on the part of the insurer evidencing to the insured an admission or recognition of liability, or assurance that an adjustment or settlement would be made, amounts to a waiver of formal notice and proof of loss or defects therein. Thus, a payment by an insurer of a part of the amount of the policy, or a promise by it to pay, or a promise to settle or adjust the loss, or intimations on the part of the insurer that the loss was

253

all right and would be paid, settled, or adjusted, have been held to effect a waiver of requirements for proofs of loss." 29 Am. Jur., Sec. 1430, Insurance.

Collections of cases on this subject appear in 49 A.L.R. 2d, 94, and similar annotations with particular reference to fidelity insurance appear in 23 A.L.R. 2d, 1065, which is supplementary to 62 A.L.R., 932.

With reference to cases from Illinois, we quote from Dwelling House Ins. Co. v. Dowdall, 159 Ill., 179, 42 N.E. 606, which involved a situation where proof of loss was not furnished in compliance with the terms of the policy and the policy provided that no officer or agent of the company should have power to waive any provision or condition of the policy. The policy requirement was for a sworn statement of loss and this was never furnished, but an adjuster conferred with the plaintiff and offered a stipulated sum. The Court held:

> "Such a (sworn) statement was required for the sole benefit of the company, and it could certainly waive it or extend the time within which it should be furnished, if it should propose to do so, notwithstanding the statement in the policy that it would not. That is to say even if the parties would agree by the policy that there should be no waiver, they might subsequently change that agreement. Nor is it necessary in such cases to prove an express agreement to waive, but it may be inferred from the acts and conduct of the insurer inconsistent with an intention to insist upon the strict performance of the condition."

There are many other cases in this state which have held that conditions of this type may be waived even though the policy negatives the authority for waiver. See Nieman v. Security Benefit Ass'n., 350 Ill., 308,

183 N.E. 223; Reinhardt v. Security Ins. Co. of New Haven, Conn., 321 Ill. App., 324, 53 N.E.2d 13; Farley v. Security Insurance Co. of New Haven, Conn., 331 Ill. App., 448, 73 N.E.2d 662.

■ In this case now before the Court, the giving of notice within the time prescribed by the policy would not have achieved any beneficial effect for the defendant company. The loss was already more than twice the amount of the defendant's bond and the defaulter was uncollectible for more than a few hundred dollars. The same may be said about proving loss at an earlier date. It is apparent that the officials of the defendant company took a similar view at the time they talked to Mr. Mayor regarding his loss. When these officials thereupon had Mr. Mayor sign a proof of loss and assured him it would be paid, the strict observance of the policy requirements was waived. Accordingly, the judgment is affirmed.

Judgment affirmed.

CULBERTSON, P. J. and HOFFMAN, J., concur.