## Ralph E. Hyatt, Defendant in Error, v. A. Volney Foster, Plaintiff in Error.

### Gen. No. 21,028.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in this court at the March term, 1915. Reversed and judgment here. Opinion filed December 6, 1915.

## Statement of the Case.

Ralph E. Hyatt, plaintiff, against A. Volney Foster, defendant, in the Municipal Court of Chicago, to recover the interest of plaintiff in the profits of a transaction with another. To reverse a judgment of $635 for plaintiff, defendant prosecutes this writ of error.

The evidence shows that plaintiff was employed by the United States Silica Company, of which defendant was president, and also by defendant in the interest of the estate of Volney W. Foster, deceased, at a salary of $250 a month, $150 of which was paid by the Silica

Company and $100 by the Foster estate. It was agreed that plaintiff should have twenty per cent. of the profits of the company in excess of $10,000 per year. It appears, and is not disputed, that plaintiff overdrew his account to June 30, 1912, to the amount of $3,483.23. During such employment plaintiff had a verbal agreement with defendant that he should receive one-fifth of the profits of a certain deal made with the Thornton Stone Company. It was subsequently agreed between them that plaintiff's share of such profits was $635. This item of $635 is the subject-matter of this suit. The evidence shows that defendant wrote plaintiff a letter substantially as follows:

"August 27, 1912.

Ralph E. Hyatt,
     Chicago.
     Dear Sir: I hand you herewith statement of accounts of U. S. Silica Co. to July 1, 1912, made by Audit Co. of Illinois. You will note the wide discrepancy between your overdrafts as they appear on your books and as analyzed by the Audit Co. as follows:"

Here follow the items of debit and credit which show the state of the accounts and conclude with the item of "Overdrawn as of June 30, 1912, $3,483.23," and continues:

"In accordance with my understanding with you, you were to receive in addition to your salary of $150 per month, you shall receive a bonus of 20% of the net profits of the company in excess of $10,000 per year.

There is a wide discrepancy between your books and the report of the Audit Co. with reference to your account and you admit the falseness of your account in that respect.

Two courses are now open to me in recovering the company's loss. First: By applying to the Surety Company for compensation under their surety bond which we hold guaranteeing your honesty. Second:

To retain you in your present position under the following conditions:

1. You to give the company your 5% demand note for $3,483.32 together with any amounts you may have drawn since June 30, 1912, in excess of your regular salary of $250 per month * * * and that said demand note shall be reduced by $100 each month to be taken out of your salary of $250 per month until all the above note with interest is cancelled.

2. That you assign to the Silica Co. all profits which may be coming to you in accordance with your understanding with me, in connection with Thornton Stone Co., said profit, if any, to apply toward reduction of your note.

3. All bonuses accruing to you shall apply on above note until it is paid with 5% interest.

4. The Audit Company have promised to say nothing to the injury of your reputation, and I also bind myself to the same condition.

Very truly yours,<br>A. Volney Foster."

Defendant testified, and it was not denied, that he had some conversation with plaintiff about the letter and that plaintiff said to him on the day after its date that the proposition outlined in the letter was acceptable to him.

It was uncontroverted that plaintiff continued in his employment until the following April. He gave to the United States Silica Company his demand note for $3,525.66, which plaintiff testified was the amount due according to the letter, with amounts overdrawn since June 30th added. There was no evidence that the Audit Company or defendant said anything after the date of the letter to plaintiff's injury.

MATZ, FISHER & BOYDEN, for plaintiff in error.

CANTWELL & SMITH, for defendant in error.

MR. JUSTICE HOLDOM delivered the opinion of the court.

Hyatt v. Foster, 195 Ill. App. 428.

## Abstract of the Decision.

1. ASSIGNMENTS, § 22*—*what effect of.* Where, in an action to recover part of the profits of a transaction claimed by plaintiff under acceptance of an offer of compromise which involves the assignment of such interest by plaintiff to a corporation of which defendant is an officer, defendant introducing as evidence thereof a letter from him to plaintiff in which it is stated that plaintiff may retain his position in the employ of defendant and the corporation on the condition, among others, that he assign to the corporation all his share in the profits of the transaction, to be applied on a note to be given in settlement of an indebtedness due from plaintiff to the corporation, it is error for the trial court to refuse to hold as a proposition of law that if plaintiff accepted the proposal contained in the letter, he could not recover.

2. ASSIGNMENTS, § 36*—*when evidence sufficient to show.* In an action to recover plaintiff's interest in the profits of a transaction, where the defense was that prior to the commencement of the action plaintiff had assigned his claim for such profits to another, evidence *held* sufficient to prove such assignment as a fact.

3. ASSIGNMENTS, § 13*—*when oral assignment valid.* No particular form is necessary to the validity of an assignment of a chose in action, but it may be assigned orally, and it is not essential to the validity of such an assignment that there be written evidence thereof.

4. ASSIGNMENTS, § 22*—*when title passes.* The unconditional acceptance of an offer of compromise which involves the assignment of a chose in action operates to pass the title thereto to the assignee immediately.

5. COMPROMISE AND SETTLEMENT, § 4*—*when act of officer is act of corporation.* An offer of compromise made on behalf of a corporation by an individual in his own name to an employee of the corporation is to be construed as the offer of the corporation where the individual making the offer is an officer of the corporation and is acting for it.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.