574    APPELLATE COURTS OF ILLINOIS.

East St. Louis Lumber Co. v. United States Branch, 246 Ill. App. 574.

# East St. Louis Lumber Company, Appellee, v. The United States Branch of The London Assurance Corporation, Appellant.

1. INSURANCE—*contract of insurance not running with property to benefit of purchaser.* A contract of insurance is a personal contract with the insured which does not run with the insured property unless expressly so stipulated, and in the absence of an assignment of the policy with the insurer's consent, the purchaser of the interest acquires no privity with the insurer.

2. INSURANCE—*transfer of property as not assignment of policy.* A transfer of the insured property is not an assignment of the policy of insurance.

3. INSURANCE—*effect of assignment of policy with consent of insurer.* An assignment of a policy of insurance consented to by the insurer effectuates a new contract with the assignee, on which the latter may sue in his own name.

4. INSURANCE—*necessary allegations by assignee of policy.* If a plaintiff is not the party with whom the contract of insurance was made, but claims thereunder as assignee, he must make such allegations as to the assignment of the policy as will entitle him to bring the action.

5. INSURANCE—*essential averments of assignment of policy.* Averments in a declaration in an action on an insurance policy as to the assignment of the policy by the person with whom the contract of insurance was made to plaintiff with the knowledge and consent of the insurer are material and essential.

6. INSURANCE—*burden to prove assignment of policy.* One suing on an insurance policy as assignee has the burden to prove the assignment.

7. INSURANCE—*general issue plea placing burden of proof on assignee of policy.* The general issue plea by an insurance company puts the burden upon plaintiff, who sues as assignee, to prove material averments of the declaration in regard to the assignment of the policy and the consent of the insurer thereto.

8. INSURANCE—*insufficient showing of transfer of policy to plaintiff.* Testimony of the former owner of property and to whom a policy of insurance thereon was issued and who conveyed the premises to plaintiff, that he did not know what was done with the insurance at the time he conveyed the premises and that he told the manager of the plaintiff that there was a policy on the premises, and testimony by the manager that he requested an officer of a corporate agent of the insurance company "to make out the papers and the deed, and to

make out the papers and properly assign the insurance'' to plaintiff, does not show that the insurance policy was sold, assigned or transferred to plaintiff.

9. INSURANCE—*effect of joining issue on special plea that premises were transferred without proper consent of insurer.* Where an insurance company files a special plea to the effect that prior to the destruction of the property by fire the premises were conveyed by the owner, who had the policy of insurance thereon, to plaintiff without the consent of defendant indorsed upon the policy and that by reason thereof the policy became void, plaintiff concedes the legal sufficiency of the plea as a defense by joinder of issue.

10. INSURANCE—*necessity of pleading waiver.* In order to prove a waiver of a material provision of an insurance policy by the insurer it is necessary for plaintiff to plead the waiver.

Appeal by defendant from the City Court of East St. Louis; the Hon. W. F. BORDERS, Judge, presiding. Heard in this court at the March term, 1927. Reversed. Opinion filed May 14, 1927.

MAURICE V. JOYCE, for appellant.

BEASLEY & ZULLEY, for appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

Appellant, on May 9, 1924, issued a fire insurance policy to George Barnes on a certain dwelling house in East St. Louis for a period of three years. At that time a mortgage clause was attached thereto in favor of Illinois Trust Company, trustee, as mortgagee. The policy contained provisions to the effect that the entire policy, unless otherwise provided by agreement indorsed therein or added thereto, should be void if the interest of the insured be other than unconditional and sole ownership; or if any change, other than by the death of the insured, takes place in the interest, title or possession of the subject of insurance; or if the policy be assigned before a loss.

On January 25, 1925, Mr. Barnes, the insured, sold and conveyed the insured premises to appellee and on May 24, 1925, the house was destroyed by fire. The

law is well settled that a contract of insurance is a personal contract with the insured which does not run with the insured property unless expressly so stipulated and in the absence of an assignment of the policy with the insurer's consent, the purchaser of the interest acquires no privity with the insurer. 26 C. J. 17, 18, 130; *Lindley v. Orr*, 83 Ill. App. 70. A transfer of the insured property is not an assignment of the policy of insurance. 26 C. J. 133; *Newark Fire Ins. Co. v. Turk*, 6 F. (2d) 533, 43 A. L. R. 496.

It is abundantly settled that on a sale and transfer of property covered by a policy of insurance, and an assignment of the policy to the purchaser, duly assented to by the company, a new and original contract of insurance arises between the insurance company and the assignee, which the latter may enforce without regard to what may have occurred prior to the assignment. The policy, it is said, in such a case expires with the transfer of the estate, so far as it relates to the original holder; but an assignment and assent of the company thereto constitute an independent contract with the purchaser and assignee, the same in effect as if the policy had been reissued to him upon the terms and conditions therein expressed. 14 R. C. L. 1007.

It is clear that an assignment of a policy of insurance consented to by the insurer effectuates a new contract with the assignee, on which the latter may sue in his own name. 14 R. C. L. 1429. If a plaintiff is not the party with whom the contract of insurance was made, but claims thereunder as assignee, he must make such allegations as to the assignment of the policy as will entitle him to bring the action. 26 C. J. 492; 14 R. C. L. 1434.

Where a plaintiff brought suit on a policy of insurance, payable to a third party who was the insured, and upon the back of which there was a purported indorsement to the plaintiff but the declaration con-

tains no averments that the indorsement was made by the insurance company, or that insured had requested or consented to it, it was held that the declaration failed to show any right of action in the plaintiff. In order to give a right of action on a policy of insurance for a loss, to an assignee, the insurance company and the insured must act together in effecting an indorsement. *Commercial Ins. Co. v. Treasury Bank,* 61 Ill. 482.

To meet the requirements of the law appellee averred in its declaration, *inter alia,* that the said policy of insurance was issued to George Barnes as aforesaid and that he, on January 25, 1925, sold and conveyed the said premises to appellee for the consideration stipulated in the deed; that the said conveyance was negotiated at the office of Illinois State Trust Company, the agent of appellant named in the policy, and that said deed was duly prepared by the said agent of appellant and was then and there signed, sealed and delivered to appellee; that at the same time when the said conveyance was executed as aforesaid, the said George Barnes, for the same valuable consideration named in the said deed, sold, transferred and assigned his right, title and interest thereunder, which said policy of insurance was then and there in the possession of the said agent of appellant, Illinois State Trust Company, as mortgagee under a certain mortgage on the insured premises, to the sum of $4,500; that said assignment of the policy of insurance was made in the office of the said agent of appellant, and that, through its said agent, the defendant had actual knowledge of such assignment and expressly assented thereto; and that afterwards, with the knowledge of the conveyance and assignment aforesaid, appellant continued to retain the premium paid thereon and, in all respects, maintained the said insurance policy in full force and effect.

The averments as to the assignment of the insurance policy of George Barnes to appellee with the knowledge and consent of appellant were material and essential averments under the authorities above cited. Appellee sued as assignee of the policy and the burden was on it to prove the assignment. 26 C. J. 514. Appellant pleaded the general issue and two special pleas and by permission of the court afterwards filed an additional plea. The general issue put the burden upon appellee of proving the averments of its declaration in regard to the assignment of the policy and the consent of appellant thereto. The first special plea denied that the policy was sold, transferred and assigned to appellee by George Barnes with the knowledge and consent of appellant. This special plea really amounted to the general issue but appellee filed a replication denying the averments thereof.

George Barnes, who was the owner of the property and to whom the policy of insurance was issued, and who conveyed the premises to appellee, testified as follows: "I don't know what was done with the insurance at the time I transferred the premises. I told Mike Reis there was a policy on there of $8,500.00." Mike Reis was the manager of appellee and testified as follows: "I called up Baltz after Barnes had told me that he had a $6500.00 policy on this property and he made the deed to us for, and I asked Baltz to make out the papers and the deed, and to make out the papers and properly assign the insurance to the East St. Louis Lumber Company." The Mr. Baltz referred to was at that time vice president of the Illinois State Trust Company, which company was conducting an insurance agency, and was acting as agent for appellant and other insurance companies.

We find no other evidence in the record bearing upon the question as to whether Mr. Barnes assigned the insurance policy to appellee. No witness testified to any fact or circumstance fairly tending to show that

the insurance policy in question was considered or treated by Mr. Barnes or appellee as having been sold or transferred from Mr. Barnes to appellee. The transfer of the insured property was not an assignment of the insurance policy under the authorities above cited. The evidence above quoted does not fairly tend to prove that the policy of insurance was sold, assigned or transferred to appellee. The declaration avers, as above stated, that the deed of conveyance from Mr. Barnes to appellee, as well as the assignment and transfer of the policy of insurance, was made in the office of appellant's agent. The evidence is to the contrary. Mr. J. C. Fisher was in the employ of appellee at the time the deed was executed. He testified that he drew the deed at the office of appellee and that no one from the Illinois State Trust Company was present when the deed was executed.

The second special plea was to the effect that prior to the destruction of the property by fire the premises were conveyed by George Barnes to appellee without the consent of appellant indorsed upon the policy of insurance and that by reason thereof the said policy became void. Appellee joined issue on the averments thereof, thereby conceding the legal sufficiency of the plea as a defense. *Chicago Great Western Ry. Co. v. People ex rel. Bennett,* 179 Ill. 441, 446; *Raymer v. Modern Brotherhood of America,* 157 Ill. App. 510. Appellee's replication to said plea simply denied the averments thereof and did not plead a waiver. The plea was clearly proved beyond question as no one contends that the consent of appellant to the transfer was indorsed upon the policy. Appellee contends that it proved a waiver. To be availed of a waiver must be pleaded. *Feder v. Midland Casualty Co.,* 316 Ill. 552. But even if appellee had replied by averring a waiver, there is no competent evidence to that effect. After Mr. Reis had testified to having talked with Mr. Baltz as above quoted, he was allowed to state, over objec-

tion, that when he told Mr. Baltz that, he agreed to it. Counsel for appellant objected on the ground that the witness was stating a conclusion but the objection was overruled.

Other questions were raised by the respective parties and urged upon our attention, but as appellee failed to prove vitally essential averments of its declaration it is unnecessary to consider those questions. The judgment is reversed at the costs of appellee.

*Reversed.*

The clerk will incorporate in the judgment the following: "The court finds that appellee offered no evidence fairly tending to prove that the policy of insurance sued on was sold or assigned by George Barnes to appellee; that the insured premises were sold by George Barnes to appellee before the building in question was destroyed by fire."