Frank Reinhardt, Trustee, et al., Appellants, v. Security Insurance Company of New Haven, Connecticut, Appellee.

Heard in this court at the February term, 1941. Opinion filed November 1, 1941. Rehearing denied December 19, 1941.

JAMES O. MILLER and JOHN R. SPRAGUE, both of Belleville, for appellants.

WALTER E. ACKERMANN, of Belleville, and SAMUEL LEVIN, of Chicago, for appellee.

MR. JUSTICE DADY delivered the opinion of the court.

This is an action to recover on a fire insurance policy and on the mortgage loss clause thereto attached, tried by the court without a jury. At the conclusion of the evidence offered by plaintiffs, and without any evidence being offered by defendant, the trial court, on motion of defendant, entered judgment for defendant, from which judgment plaintiffs appeal.

On May 17, 1933, the defendant through A. S. Vien, its local agent, issued and delivered to plaintiffs Sebastian Huskamp and Rose Huskamp, who were husband and wife, its policy of insurance by which it agreed to insure them from May 17, 1933 to May 17, 1936, against loss or damage by fire in an amount not exceeding $1,000 to "a one story . . . frame building" located on real estate near East St. Louis. The policy stated that the building was then "occupied and to be occupied only for dwelling purposes." The policy contained provisions to the effect that it would be void if assigned by the insured before a loss, or if the hazard be increased by any means within the control or knowledge of the insured, or if any change took place in the possession of the subject of the insurance (except change of occupancy without increase in hazard); that if fire occurred the insured should render a written report of loss within 60 days after the fire, that no suit or action on the policy should be sustainable unless commenced within 12 months after the fire, and that no agent should have power to waive any of the provisions or conditions of the policy except by such waivers as should be in writing and attached to the policy.

The policy had attached thereto a "standard mortgage clause" No. 127, dated May 17, 1933, and executed by the defendant by such local agent, the material provisions of which were:

(1) "Loss or damage, if any, under this policy, shall be payable to F. E. Schneidewind, Trustee, . . . as interest may appear, and this insurance, as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect of the mortgagor . . . nor by the occupation of the premises for purposes more hazardous than are permitted by this policy . . . ."

(2) "Provided also, that the mortgagee (or trustee) shall notify this company of any change of . . . occupancy or increase of hazard which shall come to the

knowledge of said mortgagee (or trustee) and, . . . it shall be noted thereon and the mortgagee (or trustee), shall, on demand, pay the premium for such increased hazard . . . .''

Prior to the delivery of the policy on December 19, 1932, Mr. and Mrs. Huskamp had executed and delivered to Schneidewind, trustee, a mortgage dated December 19, 1932, on said real estate to secure their note for $600 and interest, payable on December 19, 1935. The principal of such note plus interest since December 19, 1933, remains unpaid.

On or about May 17, 1933, and after receiving such policy, Mr. and Mrs. Huskamp delivered the same to Schneidewind, trustee, as collateral security for the indebtedness secured by the mortgage.

On September 22, 1933, by written assignment of that date, Schneidewind, trustee, assigned the mortgage and the indebtedness thereby secured to Frank Reinhardt, trustee, and at the time of such assignment Schneidewind, trustee, delivered to Reinhardt, trustee, the mortgage and the note thereby secured, and the insurance policy in question, with such loss clause so attached,—such note being indorsed by Schneidewind, trustee, ''without recourse.'' The written assignment of mortgage made no mention of the insurance policy or of the mortgage clause attached. Schneidewind made no other written assignment, either on the policy or on the loss clause, or otherwise. Defendant did not know until after June 16, 1934, that Reinhardt had acquired such mortgage, note and policy.

On June 16, 1934, while still owned by Mr. and Mrs. Huskamp and while said mortgage and indebtedness were owned and held by Reinhardt, trustee, and while such policy and loss clause were also held by him, the building described in the policy was destroyed by fire.

At the time the policy was issued the property was and thereafter continued to be occupied by a tenant, as a dwelling only, until one Chaney moved on said

real estate about three months before the fire. Thereafter Chaney, as a tenant of Mr. and Mrs. Huskamp, occupied the property for about two months, as a dwelling only, and thereafter for another month and at the time of the fire Chaney as such tenant occupied the building as a dwelling and tavern in which beer and the usual intoxicating liquors were sold.

Mrs. Huskamp knew the property was going to be and was during such last month occupied as a tavern. The record is silent as to knowledge on the part of her husband, but we will assume he had the same knowledge. Neither Schneidewind nor Reinhardt had any such knowledge.

Mrs. Huskamp testified, without objection, that at the time the insurance policy was issued there was a new four-room house on the property and that the cost of the labor and material used in building such house was around $1,600 or $1,700.

She was asked if notice was given the defendant of the change in occupancy and without objection answered ''Yes.'' A motion to strike this answer was made by the defendant on the ground that the answer was a mere conclusion and on the further ground that the suit was on a contract and the question of notice of change of occupancy was immaterial. The motion to strike was allowed, not because of the answer being a conclusion, but solely because the policy was issued to cover a residence and there had been a change in the character of the occupancy. Plaintiffs then offered to prove by Mrs. Huskamp that notice was given the defendant that Chaney was going to use the premises as a tavern, and that the defendant made no request for the insurance policy so that the change could be indorsed thereon, and made no request for increased premium, to which offer a general objection was made and sustained.

Mrs. Huskamp testified that she ''notified Vien, the agent, of the fire.'' Defendant objected to this

answer, merely stating "That is objected to," which objection the court overruled. She further testified, without objection, that thereafter and two days after the fire a son of Vien and Mr. Jones, representing the defendant, came out and viewed the premises, and that they then had her sign what they told her was a proof of loss. She was then asked "Did they leave a copy with you?" Defendant's counsel then stated: "I object to that, it is not the best evidence. I move the answer be stricken with reference to any document." This objection was overruled. She then stated without objection that "several days" after the fire she signed another paper at the office of Vien, the agent, which "they said was a proof of loss." The answer "They said was a proof of loss" was objected to as being a conclusion and not the best evidence, which objection was overruled. She was then asked if she then "took an oath to the paper" she signed, and without objection answered "Yes."

From the record it does not appear on what grounds the trial court based its judgment. While this appeal is taken by the plaintiffs and the burden is on them to show error, we believe the issues can be better and more clearly disposed of in this opinion by passing on the different points presented and argued by the defendant why the judgment should be sustained.

The defendant states in its brief that the second amended complaint alleged that Reinhardt was the assignee of a certain note and mortgage made by the Huskamps to Schneidewind, that the answer of the defendant alleged that the mere assigning of the mortgage and note did not assign the mortgage clause payable to Schneidewind, that there was no privity of contract between the plaintiff Reinhardt and the defendant, that if said mortgage clause was assigned it was without the consent of the defendant and conferred no rights on the assignee and made the policy and mortgage clause void; that to each of these de-

fenses the plaintiff did not reply and that therefore under the pleadings they stand admitted. A copy of the standard mortgage clause No. 127 was attached to and by reference made a part of the complaint. The complaint alleged that such clause was assigned by Schneidewind to Reinhardt at the time the mortgage and note were assigned, and the answer of the defendant alleged that such clause was attached to and made a part of the policy. These allegations of fact were sufficient to present the issue of whether or not there was a valid assignment. We do not understand that mere legal conclusions in an answer are admitted by failure, if any, to specifically reply thereto. (*Ross v. Clark,* 225 Ill. 326.)

Defendant next contends that Reinhardt did not prove that the mortgage clause was assigned to him. No authority whatever has been cited by either party on the question of whether the assignment by Schneidewind of the note without recourse and the assignment of the mortgage and the concurrent delivery by him of the policy with the loss clause attached constituted an assignment of his rights under the loss clause. In 29 Am. Jur., page 411, paragraph 509, it is said: "No particular form of words is essential to the validity of an assignment of an insurance policy or of a claim for loss thereunder, and unless so required by statute or by the terms of the policy, such assignment need not be in writing but may be by parol." (See *Savage v. Gregg,* 150 Ill. 161; *Hyatt v. Foster,* 195 Ill. App. 428; 26 Corpus Juris 133.) There was no provision in the policy or in the loss clause referring to or preventing the assignment of such clause, and we know of no statute which prevented such assignment. In our opinion the undisputed facts show an assignment by Schneidewind, trustee, to Reinhardt, trustee, of the rights of Schneidewind, trustee, under the insurance policy and under the loss clause thereto attached.

Defendant next contends that there is "no privity of contract" between the plaintiff Reinhardt and the defendant and that therefore Reinhardt cannot maintain this action. No Illinois case has been called to our attention in which the question is passed upon or discussed as to whether an assignee of the rights under a mortgage loss clause can maintain such an action where the assignment is made without the knowledge or consent of the insurance company. Defendant quotes from *East St. Louis Lumber Co. v. United States Branch of the London Assur. Corp.*, 246 Ill. App. 574, in which it is said: "The law is well settled that a contract of insurance is a personal contract with the insured which does not run with the insured property unless expressly so stipulated and in the absence of an assignment of the policy with the insurer's consent, the purchaser of the interest acquires no privity with the insurer. . . . A transfer of the insured property is not an assignment of the policy of insurance." We do not consider such case or the quoted language as being in point. The present policy by its terms expressly prohibited the assignment by the insured of such policy without the consent of the defendant, but there was no provision whatever in the policy or in the loss clause referring to or preventing the assignment of the rights of the beneficiary under such loss clause. It should be borne in mind that the action of Reinhardt, trustee, is not based on the policy alone, but is based on the loss clause as a part of the policy. Defendant cites and quotes from *Immel v. Travelers Ins. Co.*, 373 Ill. 256, but we do not consider such case or any language used therein to be at all in point.

The precise question has been passed upon by other courts. *Central Union Bank of South Carolina v. New York Underwriters' Ins. Co.*, 52 F. (2d) 823, is a case in which the authorities are reviewed and a case in which the facts are very similar to the facts

in the instant case. In that case the bank became an assignee of a mortgagee and the indebtedness thereby secured, by virtue of a written assignment, and became assignee of a fire insurance policy merely by concurrent delivery. Thereafter the property insured was destroyed by fire and the bank as assignee under the loss clause sued the insurance company. It was conceded that prior to the fire the policy had become void so far as the owner of the property was concerned. The language of the loss clause was identical with the language of the present loss clause. After distinguishing between the rights of the insured under the policy and the rights of the mortgagee under a mortgage clause, and giving the reasons for such distinctions, the court said: "The contention that the company contracted to pay the loss under the policy only to the mortgagee named is hypertechnical. We have seen that no relation of personal confidence is involved; and there would be as little reason in holding that the rights of the mortgagee in such case are not assignable as in holding that he might not assign a collateral note made payable to him, on the ground that only he had been named as payee . . . Our conclusion that, in the absence of restriction in the policy or in the mortgage clause itself, the mortgagee may, without the consent of the company, transfer his rights under the policy along with the mortgage debt, is supported by all of the authorities which we have been able to find bearing directly on the question involved. Cooley's Briefs on Insurance (2d Ed.) vol. 2, 1768; 6 Couch on Insurance 5152; *Whiting v. Burkhardt,* 178 Mass. 535, 60 N. E. 1, 52 L. R. A. 788, 86 Am. St. Rep. 503; *Breeyear v. Rockingham Farmers' Mut. Fire Ins. Co.,* 71 N. H. 445, 52 Atl. 860; *Sun Fire Office v. Fraser,* 5 Kan. App. 63, 47 Pac. 327, 329; *Dickey v. Pocomoke City Nat. Bank,* 89 Md. 280, 43 Atl. 33; *Key v. Continental Ins. Co.,* 101 Mo. App. 344, 74 S. W. 162."

*Kupfersmith v. Delaware Ins. Co. of Philadelphia,*
81 N. J. L. 664, 80 Atl. 561, is cited by the defendant.
In that case it appears that the mortgagee and his
assignees did not know of the existence of the policy,
and did not have possession of it until after the fire,
and that there was no assignment or delivery of the
policy to any assignee until after such fire. In
*Franklin Fire Ins. Co. v. Butts,* 184 Ark. 263, 42
S. W. (2d) 559, cited by defendant, the opinion states
that it was not claimed that the insurance company
was liable under any loss clause or assignment thereof,
but that the claim of the plaintiff was based solely
on a judgment which he had obtained against the
insured. Hence it was not necessary in that case for
the court to pass on any question of liability under a
mortgage clause or assignment thereof. *Whitlock v.
American Cent. Ins. Co. of St. Louis,* 107 Fla. 13,
144 So. 412, is cited by defendant. We have carefully
considered this case and while it is in point, it gives
no reasoning or statement of principles in support
of its conclusion. We consider that the *Central Union
Bank* case, *supra,* and the other cases therein cited in
support thereof are based on the better reasoning and
furnish us better precedents to follow, and in our
opinion Reinhardt, trustee, as such assignee, has a
right to maintain this action.

Defendant contends that inasmuch as its answer
setting up the policy provision which provided that
the policy should be void if the hazard was increased
within the control or knowledge of the insured, and
the provision that the policy should be void if any
change of possession of the subject of insurance, ex-
cept change of occupancy without increase of hazard,
took place, and alleging that inasmuch as no permit
was indorsed on the policy and the defendant gave
no consent to any other occupancy, the fact that
Chaney occupied the premises as a tavern with the
knowledge and consent of the Huskamps was an in-

crease in hazard which voided the policy as to the Huskamps, and that the failure of the plaintiffs, Mr. and Mrs. Huskamp, to reply thereto is an admission by them of such conclusion. The reply of the Huskamps alleged that on March 10, 1934, they notified the defendant through its agent, Vien, that Chaney would occupy the premises after March 15, 1934, as a residence and tavern, but that the defendant did not request the Huskamps or Reinhardt at any time to produce the policy and thereby waived the provisions of the policy. This part of the reply of the Huskamps sufficiently presented an issue as to whether the defendant was barred from setting up such defense by a waiver thereof on its part.

Defendant next contends that the use of the property by Chaney as a tavern was in fact an increase in hazard and change in occupancy which voided the policy as to Mr. and Mrs. Huskamp. Assuming that the use of the property as a tavern was an increase in hazard and a change in occupancy, the question is, was there a waiver by defendant? Although there are decisions to the contrary from other jurisdictions, the law is well settled in Illinois that even though such a policy contains a stipulation that a waiver of a right of the company to cancel must be by endorsement on the policy, this stipulation can be waived by such company without a written endorsement, through its local agent authorized to issue the policy and receive premiums; that neither an express agreement to waive the condition nor an express consideration for the waiver is required; that if after knowledge of the breach, through its agent the insurance company remains silent, and retains the premium and does not manifest an election to cancel the policy, it will be held to have waived the condition and to be liable under the policy. (See *Phenix Ins. Co. v. Grove,* 215 Ill. 299, 302, and cases therein cited.) It follows

that the trial court erred in sustaining defendant's objection to the offer of plaintiffs Huskamp to prove a waiver by showing that defendant through its agent was given notice of the proposed change in occupancy and that defendant acquiesced in such change.

The next contention is that Mr. and Mrs. Huskamp did not render a sworn statement of proof of loss as required by the policy, and that they are therefore barred from maintaining this suit. While the original proof of loss claimed to have been signed and sworn to by Mrs. Huskamp would have been the best evidence, and notice to produce the same should have been served on the defendant prior to trial in order to lay the foundation for secondary evidence, Mrs. Huskamp, without objection, testified that after notifying Vien, the agent of the defendant, of the fire, two days after the fire occurred, Vien, Jr., and a representative of the defendant came out and had her sign what they said was a proof of loss, and that several days after the fire she signed and swore to another paper at the office of Vien which "they" said was a proof of loss. The general objection that what they said was a conclusion was properly overruled. We believe there was sufficient proof of the presentation to defendant of a written proof of loss to make a prima facie case.

Counsel for defendant say in their brief that the lower court found against the plaintiffs upon the issue of the proof of loss, saying that the trial court was the judge of the facts and had the benefit of seeing the witnesses as they testified. The testimony of Mrs. Huskamp was not contradicted and was not inherently improbable. Therefore, in passing on the motion of the defendant for a judgment it was the duty of the trial court to assume such testimony to be true (see *Kelly v. Jones,* 290 Ill. 375) and to consider such evidence in its most favorable light to plaintiffs, together with all inferences in favor of plaintiffs, which could

be legitimately drawn therefrom. (*Hoigard v. Yellow Cab Co.*, 320 Ill. 317.)

Defendant's next contention is that plaintiffs Sebastian Huskamp and Rose Huskamp cannot recover because the present suit was not commenced within a year next after the fire as provided by the policy. The original complaint was filed by Reinhardt, trustee, on May 12, 1935, to which complaint the Huskamps and the insurance company were made defendants. An amended complaint was filed on September 23, 1935, in which the Huskamps were named as coplaintiffs with Reinhardt, trustee. The trial court dismissed such amended complaint on the ground that leave of court had not been obtained to file such amendment, but on appeal this court reversed such ruling and remanded the cause to the trial court. (*Reinhardt v. Security Ins. Co. of New Haven, Conn.*, 287 Ill. App. 320.) The second amended complaint, on which the present case was tried, was filed May 10, 1937. Defendant, in an additional abstract furnished by it, has set forth the several paragraphs of its answer in which it alleged that the original complaint filed in this case by Reinhardt, in which complaint the Huskamps were named as defendants, did not state a cause of action and that at the time of the filing of the respective amended complaints more than twelve months had elapsed since the fire and that this action was, therefore, barred under the express provisions of the policy. The original complaint was not made a part of the record in this case and its provisions do not appear from the record or abstract.

We think that the defense that suit was not filed within the time provided by the policy, was an affirmative defense and that the burden was on the defendant to establish the facts necessary to sustain such defense. Having no knowledge of the allegations of the original complaint, we are not in a position to decide whether the second amended complaint

is a continuation of the original cause of action, except for the change in the position of the Huskamps from parties defendant to parties plaintiff, or whether an entirely new cause of action is stated by the amended complaint. In this state of the record we cannot say that defendant has established the defense that suit was not properly filed within the twelve-months period so as to protect the rights of the Huskamps.

In its answer the defendant alleged as a defense against the Huskamps that they were barred from maintaining this action because suit was not commenced by either of them within the twelve-months period provided by the policy. On motion of the plaintiffs that part of the answer setting up this defense was stricken, and defendant has assigned as cross error such ruling of the trial court. It is our opinion that the defendant should have been permitted to plead and prove such alleged defense, and that the trial court therefore erred in striking such portion of the answer.

It is our opinion that the plaintiff Reinhardt, trustee, made a prima facie case entitling him to judgment for the amount due him as assignee of the mortgage indebtedness. It is also our opinion if the plaintiffs Huskamp had been permitted to introduce and had introduced evidence showing or tending to show a waiver of the condition of the policy with reference to an increase in hazard by reason of the change in occupancy, they would have made a prima facie case entitling them to judgment for the balance of the proceeds of the policy.

The case is reversed and remanded for further proceedings consistent with this opinion.

*Reversed and remanded with directions.*