FOUNDERS MUTUAL CASUALTY COMPANY, Plaintiff-Appellant, *v.* JULIUS MARK *et al.,* Defendants-Appellees.

(No. 57322;

First District (5th Division)—August 3, 1973.

Brody & Gore, of Chicago, (Lewis B. Greenblatt, of counsel,) for appellant.

Levin & Rosen, Ltd., of Chicago, (Edward I. Rosen, of counsel,) for appellee Ada Mark.

Mr. PRESIDING JUSTICE DRUCKER delivered the opinion of the court:

Plaintiff appeals from a declaratory judgment finding that defendants Julius and Ada Mark were covered by an Owner's, Landlord and Tenant liability policy for an accident to one Maria Lopez which occurred on February 2, 1969, at 901-909 Wellington Street, Chicago.

Plaintiff contends that the policy covers only the named insured trustee and beneficiaries under the trust; that when the property was removed from the named insured trust, without a consent to assignment of the policy, coverage for accidents on the removed property was extinguished; that the policy was a personal contract between the insurer and insured and did not cover the beneficiaries under a different trust.

On November 30, 1967, plaintiff issued its Owner's, Landlord and Tenant Policy, Number OT2279, in favor of the La Salle National Bank, individually and as trustee under trust number 31386, all beneficiaries thereunder and agents thereof, effective as of November 8, 1967. The beneficiaries, Julius Mark and Ada Mark, held a one-half interest and Norbert Ross and Ilse Ross the other half interest. The trust contained

two buildings which will be referred to respectively as the Wellington building (where the accident occurred) and the Rosemont building.

Thereafter certain transactions occurred affecting both the title to the Wellington property and the beneficiaries. On March 14, 1968, the Wellington building was conveyed out of said trust at the direction of all the beneficiaries leaving only the Rosemont property in the trust and vesting in the defendants Julius and Ada Mark and Norbert and Ilse Ross undivided one-half interests in the Wellington property as joint tenants.

Subsequent to March 14, 1968, defendants Julius and Ada Mark transferred all their legal title and interest in the Wellington property to their children, Warren and Esther Mark. The property was then placed in a new trust with the Chicago City Bank and Trust Company as trustee under trust number 8083, with Warren and Esther Mark and the Rosses as beneficiaries. After several further transactions, on September 9, 1968, the defendants Julius and Ada Mark acquired full beneficial ownership of the Wellington property as beneficiaries under this second and different trust. This was accomplished by transfer from Warren and Esther Mark and the Rosses to Marie Costigan and from her to Julius and Ada Mark.

With regard to the La Salle National Bank trust number 31386, defendants Julius and Ada Mark on September 5, 1968, assigned to Norbert and Ilse Ross all their right, title and interest in said trust consisting only of the Rosemont property.

It is claimed by plaintiff, and has not been refuted by the defendants, that no notice of any of the above transfers was given to plaintiff, and that plaintiff's consent to any or all of the above transactions was not obtained, nor was the policy of insurance, number OT2279, ever formally assigned from the La Salle National Bank, as trustee, to the Chicago City Bank and Trust Company, as trustee under trust number 8083, or endorsed by plaintiff to show such assignment.

On February 2, 1969, defendant Maria Lopez allegedly sustained an injury on the premises of the Wellington property and as a result of said injury sued defendants Julius and Ada Mark for damages in the Circuit Court of Cook County. Some time thereafter the Marks made a demand upon the plaintiff to undertake the defense of their lawsuit on the grounds that they had been owners of half of the beneficial interest in the original trust, which was known as La Salle National Bank trust number 31386, and that they were covered by the insurance policy issued to that trust as the beneficiaries thereunder. These events gave rise to this present action seeking to determine the coverage of the policy issued by plaintiff.

Plaintiff made two inspections of the Wellington building, one in 1967 and one in October of 1968, about three months prior to Maria Lopez's alleged injury. It should also be noted that no premium rebates were given for any period prior to and including February 2, 1969, the date of the alleged accident.

*Opinion*

It is the plaintiff's contention that since paragraph 19 under the title "Conditions" in its policy was not complied with, it owed no duty to defendants who are the beneficiaries under Chicago City Bank and Trust Company trust number 8083 but not under the named insured trust number 31386 of the La Salle National Bank. This provision in the policy reads:

"19. ASSIGNMENT. Assignment of interest under this policy shall not bind the company until its consent is endorsed hereon; if, however, the named insured shall die, this policy shall cover the named insured's legal representative as named insured; provided that notice of cancellation addressed to the insured named in the declarations and mailed to the address shown in this policy shall be sufficient notice to effect cancellation of this policy."

■■ Endorsement number 1, made a part of policy OT2279, lists the name of the insured as "La Salle National Bank, individually and as trustee under trust number 31386, all beneficiaries thereunder and agents thereof." Due to this endorsement defendants must claim as beneficiaries under that trust to be entitled to coverage.

■■ Yet on March 14, 1968, almost a year prior to the alleged accident, the Wellington property had been conveyed out of that trust by Trustee's Deed. Title to the property changed hands several times and subsequently was vested in the Chicago City Bank and Trust Company, individually and as trustee under trust number 8083. The property was never again included within the La Salle National Bank trust. In *East St. Louis Lumber Co. v. The U.S. Branch of the London Assurance Corp.*, 246 Ill.App. 574, the court at page 576 stated:

"The law is well settled that a contract of insurance is a personal contract with the insured which does not run with the insured property unless expressly so stipulated and in the absence of an assignment of the policy with the insurer's consent, the purchaser of the interest acquires no privity with the insurer. 26 C.J. 17, 18, 130; *Lindley v. Orr*, 83 Ill.App. 70. A transfer of the insured property is not an assignment of the policy of insurance. 26 C.J. 133; *Newark Fire Ins. Co. v. Turk*, 6 F.(2d) 533, 43 A.L.R. 496."

Defendants attempt to challenge the concept that the insurance contract was personal by citing *Reinhardt v. Security Insurance Co. of New*

*Haven, Conn.,* 312 Ill.App. 1, 38 N.E.2d 310. That case involved an action to recover on a fire insurance policy and on the mortgage loss clause thereto attached. At all times the property was owned by the insureds, Mr. and Mrs. Huskamp. A mortgage on the property which was held by a trustee, F. E. Schneidewind, and to which the mortgage clause was made payable, was assigned by him to Frank Reinhardt, trustee, along with the underlying note and the policy. When the building subject to the policy burned down, Mr. Reinhardt brought suit on the policy. In distinguishing the *East St. Louis* case, the court stated at page 9:

> "We do not consider such case (*East St. Louis*) or the quoted language as being in point. The present policy by its terms expressly prohibited the assignment by the insured of such policy without the consent of the defendant, but there was no provision whatever in the policy or in the loss clause referring to or preventing the assignment of the rights of the beneficiary under such loss clause."

What distinguishes the *Reinhardt* case from the case at bar is that in *Reinhardt* the named insured remained the same, and only the trustee in the mortgage loss clause was changed through assignment, whereas in the present case the named insured was changed from the La Salle National Bank and the beneficiaries under trust number 31386 to Chicago City Bank and Trust Company and the beneficiaries under trust number 8083, and the beneficiaries were changed a number of times as well. In *Reinhardt* the court laid considerable emphasis on the loss payable clause in addition to the other provisions of the policy. Such a clause is not in issue in the present case. Nor was it alleged or proved that there was delivery of the policy to Chicago City Bank nor even that the Chicago City Bank had knowledge of the policy. Delivery and knowledge were proved in *Reinhardt.*

■■ We also find no merit in the argument of Julius and Ada Mark that the term "Assignment of Interest" was ambiguous. The fact that after transferring out their beneficial interest they again eventually became the sole beneficiaries of this property under another trust (*i.e.* Chicago City Bank) is not relevant to their claim that the insurance policy issued to La Salle National Bank trust, under which they were initially owners of half of the beneficial interest, could cover them as ultimate beneficiaries of the second trust. This contention ignores the intervening transactions through which they had given up their beneficial interest in the trust and its assets, and title to the property had been permanently removed from the La Salle National Bank trust.

■■ The Marks have made much of the fact that in October of 1968, after the Wellington property was conveyed out of the La Salle trust,

the insurance company continued its inspection of the property. Since, at that date, the insurance company had received no notice of the change in title, no significance can be attached to the fact of its inspection of the premises.

■■ The Marks cite case law to support the proposition that since the plaintiff retained the premiums, it waived any defense on the policy it might have had. To maintain this argument they must be able to maintain some claim under the policy. When they voluntarily relinquished all beneficial enjoyment under the La Salle trust number 31386, they were foreclosed from making a claim or this argument. Since the insurance policy was still applicable to the named insured, La Salle National Bank, individually and as trustee, and beneficiaries thereunder, there was no reason for the plaintiff not to accept and retain the premiums.

■■ For the Marks to be able to claim coverage under this contract of insurance, they must be able to claim as beneficiaries under La Salle National Bank trust number 31386. Although it has been argued that they are the "real parties in interest," their rights under the insurance policy were relinquished when they were no longer beneficiaries under that trust and when the property was removed from the trust without the insurer consenting to an assignment. The Marks were not in the same position under the two trusts. Under the La Salle National Bank trust they held a one-half interest, while under the Chicago City Bank trust they held a full beneficial interest. We therefore find the insurance policy did not cover Julius and Ada Mark for the alleged injury to Maria Lopez occurring on the Wellington property on February 2, 1969.

The judgment is reversed.

Reversed.

ENGLISH and LORENZ, JJ., concur.