**McHENRY HOSPITAL, Plaintiff,**

v.

**METROPOLITAN LIFE INSURANCE COMPANY, Defendant.**

No. 83 C 5684.

United States District Court,
N.D. Illinois, E.D.

Dec. 2, 1983.

Martha L. Ashenhurst, Boodell, Sears, Sugrue, Giambalvo & Crowley, Chicago, Ill., for plaintiff.

Joseph J. Hasman, Steven P. Mandell, Peterson, Ross, Schloerb & Seidel, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

WILL, District Judge.

This case comes before us on the motion of defendant Metropolitan Life Insurance Company (Metropolitan) for summary judgment or to dismiss this action. For the reasons hereinafter stated, that motion is denied.

Laverne Cybul (the insured) executed an individual health insurance policy with Metropolitan the effective date of which was October 4, 1980. During the period of the policy, the insured was a patient at McHenry Hospital (the Hospital), the plaintiff in this action. The insured signed three separate form agreements authorizing Metropolitan to make direct payments to the Hospital for treatment provided in connection with hospital admissions on January 11, 1981, February 1, 1981 and April 22, 1981. Each authorization form provided:

> I HEREBY AUTHORIZE PAYMENT directly to the below named hospital of the hospital insurance benefits otherwise payable to me but not to exceed the balance due of the hospital's regular charges for this period of hospitalization. I understand I am financially responsible to the hospital for charges not covered by this authorization.
>
> /s/ Lavern Cybul

According to an uncontested affidavit of a claims official of Metropolitan, one of the Hospital's employees was informed during a phone call to the defendant on the date of the insured's first admission that, as a result of the fact that the insured's policy was less than two years old and therefore "contestable", payments under the policy could not be guaranteed. A form was subsequently sent to the Hospital indicating the "Non Guarantee" status of the policy.

When the Hospital, in February 1981, forwarded its "Hospital Insurance Form" to Metropolitan for the services rendered to the insured, Metropolitan responded with a letter that stated:

> *We have received an assignment of benefits* payable under this policy for your services.

Since additional information is required there will be a short delay in processing this claim.

Every effort will be made to conclude this matter as soon as possible. [Emphasis added.]

The "additional information" was gathered by means of a "routine contestable period investigation" during the course of which it was allegedly discovered that the insured's policy application contained material omissions concerning her prior medical history.

On April 29, 1981, subsequent to her third hospital admission, the insured received a letter from Metropolitan listing the allegedly omitted medical facts and stating that the defendant "must consider the policy to be void from the date of issue." The letter enclosed a check refunding the policy premiums paid which the insured subsequently negotiated. The Hospital was informed of Metropolitan's position by a letter received on May 21, 1981 which stated:

Benefits payable under this policy *have been assigned* to you by the insured. However, we find that no benefits are available; and, therefore, we are unable to honor the assignment. Please write to us or get in touch with our local office if you would like more information on this matter. [Emphasis added.]

The hospital filed this removed action in the Circuit Court of Cook County to recover from Metropolitan the insured's medical expenses incurred in connection with the three admissions between January and April 1981. The complaint, which is in three counts, seeks recovery of the expenses based on the insured's alleged assignment to the Hospital, contained in the Authorization Form, of the contract right to policy benefits (Count I); recovery of those expenses on the theory that Metropolitan is estopped to cancel the policy as a result of the Hospital's detrimental reliance on the policy's existence and/or based on Metropolitan's breach of the duty of good faith and fair dealing, allegedly owed to the Hospital (Count II); recovery of additional damages pursuant to Ill.Rev.Stat. ch. 73, § 767 for Metropolitan's unreasonable delay in settling the Hospital's claim (Count III).

■ Metropolitan seeks summary judgment on Count I on the argument that as a matter of law there was no assignment to the Hospital of the insured's rights under the policy. Resolution of the question whether the insured's signature on the Hospital's Authorization Form amounts to an assignment of a portion of her contract rights with respect to the policy turns on disputed questions of material fact. The undisputed Illinois rule of law is that whether an assignment of contract rights has occurred is a function of the intent of the parties, *Associated Metals & Minerals Corp. v. Isletmeleri*, 6 Ill.App.2d 548, 553–54, 128 N.E.2d 595, 597 (1955), and does not depend upon any form of words, *Reinhardt v. Security Insurance Co.*, 312 Ill. App. 1, 8, 38 N.E.2d 310, 313 (1941). There is nothing in the record to reflect the insured's intention in this regard and every indication that the insured, the Hospital and Metropolitan believed an assignment had taken place.

*Erika, Inc. v. Blue Cross and Blue Shield of Alabama*, 496 F.Supp. 786 (N.D. Ala.1980), is some authority for Metropolitan's position that an authorization form like the Hospital's is not an assignment but only an appointment of the Hospital as an agent to collect payment. That decision does not state what the Illinois law is or should be. 4 A.L. Corbin, Corbin on Contracts § 892 (1951) on which the *Erika* court purports to rely actually contraindicates the result there reached: "An expression of intention to assign, *communicated to the assignee*, should *hardly ever* be interpreted as being a mere power of attorney to the assignee." [emphasis supplied]

We think that mechanisms for direct payment to providers of health care should be encouraged and facilitated in the interest of insureds, the providers and the insurance industry as well. Treating these authorization forms as assignments would appear to accomplish this result and to be consistent with the Illinois law of assign-

ments. In any event, it is quite clear that whether this insured intended to effectuate an assignment of her contract rights is, under general principles of Illinois law, a question of intention which is not resolvable on this motion for summary judgment.

■ Metropolitan next contends that, even assuming that there has been an assignment here, the insured, having misrepresented her past medical history, never effectively entered into a contract for health insurance and therefore "had no contract rights to assign". If the omissions in the medical history that Metropolitan referred to in its April 29 letter to the insured were made, a fact which the Hospital does not dispute, then it could follow that the risk assumed was materially affected thereby and that Metropolitan may avoid the policy. *See* Ill.Rev.Stat. ch. 73, § 766. If the policy were void *ab initio*, a purported assignment of it would confer no rights under the contract to the assignee. *See generally United States v. American National Bank and Trust Company of Chicago*, 443 F.Supp. 167, 174 (N.D.Ill. 1977). But there is not now any proof in the record that the insured's failure to disclose hospitalizations for "pain" and "weakness" as well as a hospitalization for an arm fracture—misrepresentations which we may assume occurred, *see* Fed.R.Civ.P. 56(e)—in fact materially affected Metropolitan's risk. Since it is Metropolitan's burden of proof, *see Apolskis v. Concord Life Insurance Co.*, 445 F.2d 31, 35 (7th Cir. 1971), to establish this fact, *see Mooney v. Underwriters at Lloyd's London*, 33 Ill.2d 566, 569, 213 N.E.2d 283, 285 (1965), summary judgment is not now available to it on Count I.

■ Metropolitan also contends that the insured's negotiation on May 11, 1981 of the premium refund check constitutes an accord and satisfaction defeating any claim of the Hospital on the contract. But on the record before us, the insured, may have assigned portions of her rights under a valid, existing contract to the Hospital. Metropolitan got notice of this possible assignment in advance of its April 29 letter to the insured proposing the accord and satisfaction or rescission. The Hornbook rule is that the obligor, once on notice of the existence of an assignment, may not subsequently enter an accord and satisfaction to defeat the assigned rights. 4 A.L. Corbin, Corbin on Contracts § 894 (1951).

■ We agree with Metropolitan that, if it could show that the insurance contract was obtained by material misrepresentation then the Hospital as assignee could not enforce that contract against it. *Nanny v. Alliance Co-op Insurance Co.*, 145 Kan. 487, 66 P.2d 405, 408 (1937), and other cases holding that an assignment of a voidable policy creates a new non-voidable contract running between the assignee and the insurer are unpersuasive. But it is also clear that, if the insured's policy was valid, Metropolitan's attempted accord and satisfaction after notice of an assignment to the Hospital cannot defeat the latter's claim.

With respect to Count II, we find no merit to Metropolitan's summary judgment argument that, as a matter of undisputed fact and law, the Hospital's reliance prior to May 21, 1981 on the existence of the policy was not justifiable thus precluding recovery on the Hospital's estoppel theory. Whether the Hospital was justified in relying and did in fact rely on the existence of the policy despite the information that payment under the policy was "not guaranteed" are hotly disputed fact questions for resolution of which trial will be necessary.

Finally, we turn to Metropolitan's contentions that the common law duty of good faith and fair dealing, *Ledingham v. Blue Cross Plan for Hospital Care*, 29 Ill. App.3d 339, 330 N.E.2d 540 (1975), *rev'd on other grounds*, 64 Ill.2d 338, 356 N.E.2d 75 (1976), asserted in Count II and the statutory obligation promptly to settle claims, Ill. Rev.Stat. ch. 73, § 767, asserted in Count III do not run to the Hospital.[1] Metropoli-

---

1. The parties have not briefed and we leave for another day the unresolved question of Illinois law whether *Ledingham* may improperly have recognized a bad faith claim which had been

tan's reliance on *Scroggins v. Allstate Insurance Co.*, 74 Ill.App.3d 1027, 30 Ill.Dec. 682, 393 N.E.2d 718 (1979), for the proposition that the common law and the statutory duties are independent, personal tort or quasi tort actions that may not be assigned, is misplaced. The *Scroggins* holding that a third party stranger to an insurance contract who is injured by the insured may not assert that insured's cause of action for breach of the duty to settle is premised conceptually on the fact that that duty exists only for the protection of the insured against excess liability and is actually adversarial to the interests of the injured claimant. Here, where the question is whether Metropolitan has proceeded in good faith to settle a claim on behalf of its own insured or has unreasonably and vexatiously delayed in settling, the interests of the Hospital as third party are identical to those of the insured.

█ It is clear as a general matter that if, as may be the case, there has been an assignment of contract rights to the Hospital, then the Hospital has acquired the full bundle of contract and incidental rights possessed by the insured. The identity of interest between the Hospital and the insured and the obvious efficiency and humaneness of a direct payment mechanism, make clear that the Hospital, if it is an assignee of the insured's right to payment, should be permitted the full panoply of statutory and common law recourse to effectuate the important policy that legitimate health insurance claims be settled expeditiously and fairly. We express no opinion on the factual merits of the statutory and common law claims raised in the Hospital's complaint.

### Conclusion

For the reasons set forth above, the motion of defendant Metropolitan for summary judgment or alternatively to dismiss the Hospital's complaint is denied. An appropriate order will enter.

preempted by the statutory provision. *See Debolt v. Mutual of Omaha*, 56 Ill.App.3d 111, 13

Ill.Dec. 656, 371 N.E.2d 373 (1978).