**COLUMBUS, CUNEO, CABRINI MEDICAL CENTER, Plaintiff,**

v.

**The TRAVELERS INSURANCE COMPANY, Defendant.**

**No. 89 C 1889.**

United States District Court, N.D. Illinois, E.D.

Dec. 1, 1989.

Burton A. Brown, Law Offices of Burton A. Brown, Ann C. Brady, Chicago, Ill., for plaintiff.

William G. Beatty, Johnson Cusack & Bell, Ltd., Chicago, Ill., for defendant.

NORGLE, District Judge.

## ORDER

Before the court is the motion of defendant Travelers Insurance Company ("Travelers") to dismiss the amended complaint of the plaintiff Columbus, Cuneo, Cabrini Medical Center ("Medical Center"). For the following reasons, the court grants the motion in part and denies the motion in part.

## FACTS

Zuzanna Piotrowski was an employee of the Polish Welfare Association [1] and a participant in its employee benefit plan. The benefit plan funded a group insurance policy issued by defendant Travelers. Ms. Piotrowski brought her baby girl, who was covered by the plan, to plaintiff Medical Center for treatment. In doing so, Ms. Piotrowski signed a form which stated in pertinent part:

> I HEREBY AUTHORIZE PAYMENT directly to the above-named hospital of the

---

1. Formerly a defendant, the Association was dismissed from this action by the Circuit Court of Cook County before the case was removed to this court. Plaintiff's Response, p. 3.

group hospital insurance benefits herein specified and otherwise payable to me but not to exceed the balance due of the hospital's regular charges for this period of hospitalization. I understand I am financially responsible to the hospital for charges not covered by this authorization.

The total cost of care amounted to $11,407.50. The plaintiff requested payment of this amount but the defendant has, so far, refused to pay.

## DISCUSSION

Travelers has made a motion to dismiss the three count complaint of the plaintiff. As an initial matter, the court notes that the plaintiff, in its response to the motion, has failed to respond to the sections regarding Counts II and III. Moreover, plaintiff has admitted that the claims contained in Counts II and III are pre-empted by the Employee Retirement Income Security Act ("ERISA"). Therefore, the court grants defendant's motion to dismiss Counts II and III of the amended complaint.

■■■ This leaves, before the court, defendant's motion to dismiss Count I. On a motion to dismiss, the allegations of the complaint as well as the reasonable inferences to be drawn from them are taken as true. *Doe v. St. Joseph's Hospital,* 788 F.2d 411 (7th Cir.1986). The plaintiff need not set out in detail the facts upon which the claim is based, but must allege sufficient facts to outline the cause of action. *Id.* The complaint must state either direct or inferential allegations concerning all of the material elements necessary for recovery under the relevant legal theory. *Mescall v. Burrus,* 603 F.2d 1266 (7th Cir. 1979). The court is not required to accept legal conclusions either alleged or inferred from pleaded facts. *Carl Sandburg Village Condominium Ass'n No. 1 v. First Condominium Development Co.,* 758 F.2d 203, 207 (7th Cir.1985). Dismissal under Rule 12(b)(6) is improper unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Papapetro-*

*poulous v. Milwaukee Transport Services, Inc.,* 795 F.2d 591, 594 (7th Cir.1986).

■■ Travelers moves to dismiss Count I on the basis that the above mentioned clause is not a valid assignment of Ms. Piotrowski's rights and therefore the plaintiff has no standing to bring suit. This court finds there is insufficient basis to warrant dismissal in this case. Both parties have cited cases where similar clauses have been held to be, alternately, valid assignments and invalid assignments. For example, the plaintiff relies primarily on *Loyola University Medical Center v. Med Care HMO,* 180 Ill.App.3d 471, 129 Ill.Dec. 360, 535 N.E.2d 1125 (1st Dist.1989), where the court held a "Payment Guarantee/Assignment of Insurance Benefits" clause to be a valid assignment. The defendant cites, among others, *Robert S. Pinzur, Ltd. v. The Hartford,* 158 Ill.App.3d 871, 110 Ill.Dec. 961, 511 N.E.2d 1281 (2nd Dist. 1987) as an example of an invalid assignment clause. The differing results reached in these two cases illustrate that the issue of the existence of an assignment is not a settled question of Illinois law.

This court finds the clause in this case to be almost identical to that disputed in *McHenry v. Metropolitan Life Ins. Co.,* 578 F.Supp. 122 (N.D.Ill.1983). In denying the defendant's motion for summary judgment, the court ruled that whether an assignment of contract rights has occurred is a function of the intent of the parties and does not depend on the form of any words. *McHenry,* 578 F.Supp. at 124. This, then, is a question of intent that does not lend itself to summary adjudication. *Id.* at 125.

Defendant attempts to distinguish *McHenry* on the basis that the insurance company there made some acknowledgement of assignment, whereas in this case, Travelers has not and indeed has consistently contended that no assignment exists. Defendant's Reply, p. 7. This is an assertion of fact on the part of Travelers. Such an argument flies in the face of the standards this court must apply when deciding a motion to dismiss. As noted above, this court must accept as true the facts alleged by the plaintiff, and inferences drawn from

them. This court may not grant dismissal unless it appears *beyond doubt* that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. The court cannot rely on defendant's assertions of fact which go beyond the scope of the pleadings in deciding this motion. Such assertions are better addressed by a motion for summary judgment. The defendant has failed to show that it is beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

In sum, the court grants the defendant's motion to dismiss Counts II and III of the amended complaint and denies its motion to dismiss Count I.

IT IS SO ORDERED.