NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AEQUADIS, INC., | No. 16-17337 |
| Plaintiff-Appellant, | D.C. No. 5:16-cv-04024-NC |
| v. | |
| HCL AMERICA, INC., | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Nathanael M. Cousins, Magistrate Judge, Presiding

Argued and Submitted December 5, 2017
San Francisco, California

Before: N.R. SMITH[**] and HURWITZ, Circuit Judges, and KEELEY,[***] District Judge.

In this diversity action by AeQuadis, Inc. against HCL America, Inc.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] This case was submitted to a panel that included Judge Kozinski, who recently retired. Following Judge Kozinski's retirement, Judge N.R. Smith was drawn by lot to replace him. Ninth Circuit General Order 3.2.h. Judge Smith has read the briefs, reviewed the record, and listened to oral argument.

[***] The Honorable Irene M. Keeley, United States District Judge for the Northern District of West Virginia, sitting by designation.

asserting breach of contract and unjust enrichment, the district court granted summary judgment to HCL, holding that AeQuadis had assigned all of its rights under the relevant contract to a third party. We have jurisdiction of AeQuadis' appeal under 28 U.S.C. § 1291, and we affirm.

Under Illinois law, "whether an assignment of contract rights has occurred is a function of the intent of the parties." *McHenry Hosp. v. Metro. Life Ins. Co.*, 578 F. Supp. 122, 124 (N.D. Ill. 1983). If an assignment is memorialized in a clear and unambiguous writing, a court must determine the intention of the parties solely from the plain language of the contract. *Cf. Strosberg v. Brauvin Realty Servs., Inc.*, 691 N.E.2d 834, 844 (Ill. App. Ct. 1998).

AeQuadis entered into a Master Purchase and Sale Agreement with Bibby Financial Services (MidWest), Inc. ("Bibby"), in which it assigned "all of [AeQuadis'] right, title and interest" in its existing and future accounts to Bibby. "'[A]ll' is an all-encompassing term and leaves little doubt as to what rights the [plaintiffs] assigned to the [third party] and what rights they retained. In short, 'all' means all." *Knott v. McDonald's Corp.*, 147 F.3d 1065, 1067 (9th Cir. 1998). Because the assignment by AeQuadis plainly transferred to Bibby "all" accounts, the district court did not err in concluding that AeQuadis has no further rights in those accounts.

**AFFIRMED**.